OPINION
{¶ 1} Plaintiff-appellant and cross-appellee, Mary Ann Georgenson, appeals and defendant-appellee and cross-appellant, Philip M. Georgenson, cross-appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, overruling plaintiff's objections to a magistrate's decision to reduce defendant's spousal support obligation from $1,300 per month to $1 per year and denying plaintiff an award of attorney fees.
 {¶ 2} After a marriage of 26 years, plaintiff and defendant were divorced on December 30, 1997 pursuant to an Agreed Judgment Entry — Decree of Divorce. The parties' two children were emancipated at the time of the divorce, and the parties equally divided the marital assets. According to the terms of the decree, defendant was ordered to pay plaintiff spousal support in the amount of $1,300 per month, subject to the following conditions:
This payment obligation on behalf of Defendant shall cease at the earliest of Plaintiff's death, Defendant's death, Plaintiff's remarriage or December 31, 2009. This spousal support obligation shall be modifiable in amount and the court shall retain jurisdiction over same. In any event, the court shall not retain jurisdiction over extending the duration of said spousal support obligation.
 {¶ 3} On January 2, 2002, defendant filed a motion seeking to terminate or reduce his spousal support obligation, arguing (1) plaintiff was cohabitating with an unrelated male, Jeffrey Thomas, as if remarried, and (2) defendant had been involuntarily terminated from his employment, his severance pay had been exhausted, and his attempts to find employment were unsuccessful. Defendant also moved to impound spousal support payments made by him until a hearing was held on the matter. On March 22, 2002, plaintiff filed a motion for attorney fees, costs and expenses incurred in her defense of defendant's motions.
 {¶ 4} The trial court referred the matters to a magistrate, who held a consolidated hearing on the motions on May 23, 2002. In a decision issued June 14, 2002, the magistrate found there had been a substantial change in circumstances since the time of the divorce, including the following:
 {¶ 5} Defendant has experienced an involuntary and significant decrease in his income. Although he has diligently sought new employment, he has not been successful in obtaining a new position or other source of income. He is no longer in a position to be able to pay the spousal support obligation. Plaintiff voluntarily left her employment. She is able to work but has made no attempts to do so. Plaintiff admits that she has the ability to earn at least $32,000 per year, which she earned at the time she terminated her employment. Further, she has significantly reduced her living expenses as a result of cohabiting with Mr. Thomas.
 {¶ 6} Upon considering the evidence and factors contained in R.C.3105.18(C), the magistrate concluded the spousal support order then in effect was no longer appropriate or reasonable under the circumstances. The magistrate reduced defendant's spousal support obligation to $1 per year, retroactive to January 2, 2002, and retained jurisdiction to modify the spousal support amount. (June 14, 2002 Decision, 7-8.) The magistrate dismissed defendant's motion to impound spousal support, as moot, and denied plaintiff's motion for attorney fees and expenses.
 {¶ 7} Upon plaintiff's objections to the magistrate's decision, the trial court, by judgment entry dated April 15, 2003, overruled plaintiff's objections and sustained the magistrate's ultimate conclusions that a substantial change of circumstances had occurred, defendant's spousal support obligation should be reduced to $1 per year, and defendant's spousal support obligation should not be terminated. Plaintiff appeals, assigning the following errors:
FIRST ASSIGNMENT OF ERROR
The trial court erred and abused its discretion when it found that a change in circumstances existed such that it was appropriate to modify the spousal support award to Appellant.
SECOND ASSIGNMENT OF ERROR
The trial court erred and abused its discretion when it failed to properly analyze the R.C. 3105.18 spousal support factors and, specifically, identify Appellee's "earning ability."
THIRD ASSIGNMENT OF ERROR
The trial court erred and abused its discretion by failing to require Appellee to maintain his burden of proof regarding spousal support modification.
FOURTH ASSIGNMENT OF ERROR
The trial court erred and abused its discretion when it denied Appellant's motion for attorneys' fees and expenses.
 {¶ 8} Defendant cross-appeals from the trial court's judgment, assigning the following errors:
I. The trial court erred when it failed to conclude that Ms. Georgenson's cohabitation is a substantial change in circumstances that by itself warrants the termination of spousal support.
II. An award of spousal support is no longer equitable and under the current circumstances it should be terminated.
 {¶ 9} Plaintiff's first three assignments of error are interrelated and together assert the trial court erred in finding there had been a significant change in circumstances such that a reduction of defendant's spousal support obligation from $1,300 per month to the amount of $1 per year was appropriate and reasonable in this case.
 {¶ 10} As a preliminary matter, we note defendant's motion for modification of spousal support was properly before the court for consideration because the trial court specifically retained jurisdiction to modify the amount, but not the duration, of spousal support in this case. See R.C. 3105.18(E)(1).
 {¶ 11} In determining whether a spousal support award should be modified, the trial court engages in a two-step analysis. First, the court must determine whether "the circumstances of either party have changed." R.C. 3105.18. A "change of circumstances" includes, but is not limited to, "any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F). A change in circumstances justifying modification of spousal support must be material, not brought about purposely by the moving party, and not contemplated at the time of the prior order. Kucmanic v. Kucmanic
(1997), 119 Ohio App.3d 609, 613; Eitel v. Eitel (Aug. 30, 1994), Franklin App. No. 93APF12-1745. Second, if the trial court finds a change of circumstances, it must then determine whether spousal support is still necessary and, if so, in what amount. Kucmanic, supra; Faulkner v.Faulkner (Nov. 21, 2000), Franklin App. No. 00AP-473; Kash v. Kash (Dec. 22, 1992), Franklin App. No. 92AP-843. Modification of an award of spousal support is determined using the same standard of necessity and reasonableness as is used in making an initial award of spousal support.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218; Heuer v. Heuer
(June 8, 1993), Franklin App. No. 92AP-1512. The burden of showing that a modification in spousal support is warranted is on the party who seeks it. Joseph v. Joseph (1997), 122 Ohio App.3d 734, 736; Tremaine v.Tremaine (1996), 111 Ohio App.3d 703, 706, appeal not allowed,77 Ohio St.3d 1480.
 {¶ 12} A trial court has wide discretion in making and modifying an award of spousal support, and the court's discretion will not be disturbed absent a showing that the award was unreasonable, arbitrary or unconscionable. Bolinger v. Bolinger (1990), 49 Ohio St.3d 120;Faulkner; Eitel, supra. The trial court must "indicate the basis for its award in sufficient detail" to permit a reviewing court to determine that the award is fair and in accord with the law. Kaechele v. Kaechele
(1988), 35 Ohio St.3d 93, 96; Graham v. Graham (1994), 98 Ohio App.3d 396,399-400; Faulkner. However, contrary to plaintiff's assertion, there is no express requirement that in granting or denying a motion to modify spousal support the trial court must re-examine all of the factors listed in R.C. 3105.18(C)(1). Faulkner, citing Kucmanic, at 613. "As a practical matter * * * a change in circumstance for one spouse as found under R.C.3105.18(F) will not affect, for the most part, the otherwise static factors contained in R.C. 3105.(C)(1)," such as findings stating the length of the parties' marriage, or their standard of living during the marriage. Kucmanic, supra.
 {¶ 13} In this case, the evidence indicates that at the time the parties were divorced, defendant was the Human Resources Manager for Motorists Mutual Insurance Company, where he had been employed for 27 years, and was earning $80,000 to $90,000 per year. In November 1999, defendant voluntarily left Motorists Mutual to work for Chemical Abstracts as its Human Resources Director, where he earned approximately $135,000 plus bonuses. In June 2000, defendant married Anne King, who had assumed defendant's position as personnel manager when he left Motorist Mutual's employ. Upon his remarriage, defendant sold his home and moved into King's home. He invested the $25,000 he realized in house sale proceeds; the invested funds fell to $17,000 by the time of the magistrate's hearing in May 2002.
 {¶ 14} On June 15, 2001, defendant was let go from Chemical Abstracts as the result of a reduction in work force, but he received severance and vacation pay through the remainder of 2001 and continued to make spousal support payments. The evidence indicated that prior to losing his job, defendant paid several expenses on behalf of his new wife, paid for their travel and entertainment, and funded his retirement account. After his unemployment, defendant's lifestyle changed: he was no longer able to put money aside for retirement, his contribution to household expenses decreased, and he and his wife no longer traveled or dined out as much. Defendant's wife, who earned $87,000 per year, plus a five per cent bonus in 2001, paid the mortgage, insurance, taxes, utilities, and fixed expenses for their home, and provided health insurance benefits for defendant. At the time of the magistrate's hearing, defendant was 53 years old, in good health, and capable of working. Although he had an ability to work, defendant began to do contract work at home because he had been unsuccessful in obtaining employment in his field, despite continued efforts to do so.
 {¶ 15} With regard to plaintiff, the evidence revealed that she was employed as a teacher with the Catholic diocese earning approximately $25,000 per year at the time the parties divorced. In August 2001, plaintiff voluntarily resigned and took a leave of absence from her teaching job, at which time she was earning $32,000. Plaintiff sold her home and moved in with Jeff Thomas, with whom she had been acquainted for 30 years. Plaintiff invested her house sale proceeds of $44,000, which grew to $55,000 at the time of the magistrate's hearing in this matter. Upon moving in with Thomas, plaintiff no longer had housing expenses. Except for plaintiff's payment of a few utility bills, Thomas paid the mortgage, utilities, taxes, and insurance on the home he shares with plaintiff. Plaintiff used her spousal support payments to contribute to groceries, personal items, restaurant meals, travel, and to pay for her health insurance premiums. Plaintiff is a beneficiary of an IRA and trust held by Thomas, and is co-executor of his will. Plaintiff testified that at the time of the magistrate's hearing she was 51 years old, in good health, and capable of working.
 {¶ 16} The foregoing evidence amply supports the magistrate's and trial court's findings that there has been a substantial change in circumstances to warrant a modification in spousal support in this case. See Carnahan v. Carnahan (1997), 118 Ohio App.3d 393 (holding a reduction of more than $50,000 per year in former husband's income was such a change in circumstances as might warrant modification of spousal support); Bauer v. Bauer, Fairfield App. No. 02 CA 22, 2002-Ohio-4874 (determining decrease in spousal support award was not improper where former husband's income was approximately $60,000 at time of divorce, he lost his job due to economic downsizing, the court believed the former husband made diligent efforts to find like employment, and the court found his earning potential was reduced to $8 to $9 per hour).
 {¶ 17} The evidence further supports the magistrate's and trial court's findings that the spousal support obligation of $1,300 per month is no longer reasonable or appropriate under the circumstances. Plaintiff voluntarily left her employment, and admits she is capable of being employed. Her then current living situation decreased her monthly expenses and, thus, lessened her need for spousal support. See Barclayv. Barclay (Dec. 11, 1997), Franklin App. No. 97APF07-902 (determining the purpose of spousal support is to provide for the financial needs of the former spouse; thus, if the former spouse is living with an unrelated adult and that person provides financial support, then the underlying need for support is decreased). Moreover, the evidence supports a finding that defendant was financially unable to continue to pay $1,300 per month to plaintiff due to his involuntary job loss and significant reduction of income. The magistrate and trial court both properly found defendant's earning ability to be reduced, with defendant having no appreciable income at the time of the hearing and being unable to obtain employment even after substantial efforts. Based upon these circumstances, we cannot say the trial court abused its discretion in sustaining the magistrate's decision to modify plaintiff's spousal support from $1,300 per month to $1 per year.
 {¶ 18} Despite this decrease of defendant's spousal support obligation effective January 2, 2002, plaintiff is not foreclosed from a possible future increase of her spousal support upon demonstrating changed circumstances. Wolfe v. Wolfe (1976), 46 Ohio St.2d 399. By virtue of the court's continuing jurisdiction, the amount of spousal support may be further modified until the occurrence of one of the contingencies expressly stated in the divorce decree: the death of plaintiff or defendant, plaintiff's remarriage, or December 31, 2009, whichever occurs first. Until such time, plaintiff can move the trial court to increase the amount of her spousal support upon proper pleading, proof of her need, and defendant's ability to pay. See Wolfe, at 414. Having decided, however, that the trial court did not abuse its discretion in modifying plaintiff's spousal support award, we overrule plaintiff's first three assignments of error.
 {¶ 19} Plaintiff's final assignment of error asserts that the trial court erred in failing to award her attorney fees and expenses incurred in the defense of defendant's motions. A trial court may award reasonable attorney fees in an action to modify spousal support if the court determines (1) a party will be prevented from fully litigating the party's rights and protecting the party's interests without the award, and (2) the other party has the ability to pay the attorney fees award. R.C.3105.18(H). The trial court's decision whether to award attorney fees is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion. Schultz v. Schultz (1996),110 Ohio App.3d 715, 725.
 {¶ 20} In this case there is no indication plaintiff was prevented from fully litigating her rights and protecting her interests absent an attorney fees award. To the contrary, plaintiff was able to use part of the funds invested from her house sale proceeds to pay the $6,511.86 in attorney fees she had incurred at the time of the magistrate's hearing. Moreover, the court's finding that defendant did not then have the ability to pay plaintiff's attorney fees is supported by the evidence. Accordingly, we cannot find the trial court abused its discretion in denying an award of attorney fees to plaintiff. Plaintiff's final assignment of error is overruled.
 {¶ 21} In his issues raised on cross-appeal, defendant asserts the trial court erred in failing to completely terminate his spousal support obligation due to plaintiff's cohabitation with Thomas and her concomitant reduction of financial need for such support. We note that defendant did not file objections to the magistrate's decision reducing, rather than terminating, defendant's spousal support obligation. The failure of a party to timely file an objection to a finding or conclusion contained in a magistrate's decision constitutes a waiver of the issue for purposes of appeal. Civ.R. 53(E)(3)(b); Harper v. Harper, Franklin App. No. 01AP-1314, 2002-Ohio-4320, ¶ 31, citing Still v. Still,
Franklin App. No. 01-AP-1082, 2002-Ohio-3358. Accordingly, defendant's issues on cross-appeal are overruled.
 {¶ 22} Having overruled all of plaintiff's assignments of error and having also overruled defendant's issues on cross-appeal due to waiver, rendering moot plaintiff's motion to dismiss defendant's cross-appeal, we affirm the judgment of the trial court modifying the spousal support award and denying plaintiff attorney fees.
Judgment affirmed.
KLATT and WATSON, JJ., concur.