OPINION
{¶ 1} Plaintiff-appellant, Jerry Sweeney, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, sustaining objections to the magistrate's decision and ordering appellant to pay defendant-appellee, Marilyn K. Sweeney, the sum of $2,500 per month as spousal support, as well as $2,011.75 for reasonable attorney's fees and costs. For the following reasons, we affirm.
 {¶ 2} After 25 years of marriage, appellant and appellee were divorced in 1998 following a three-day trial. The following facts were established at trial. Appellee was a housewife/homemaker for the majority of the parties' marriage. Appellee is a high school graduate but had little work experience outside the home. Therefore, appellee's earning potential was limited. Appellee also suffered from depression.
 {¶ 3} Appellant was in good health and had a BA in Economics and an MBA. At the time of the divorce, appellant was the chief financial officer ("CFO") of a closely-held corporation. In that capacity, appellant earned a salary of $104,000 per year, plus other benefits including a furnished apartment, car, meals, and gasoline. The trial court determined that appellant's earning potential in 1998 was $150,000 per year.
 {¶ 4} A divorce decree addressed the issue of spousal support as follows:
 Mr. Sweeney is ORDERED to pay Mrs. Sweeney $3,500.00 per month, plus processing fee for 36 months. After 36 months, the support shall be reduced to $2,500.00 per month, plus processing fee to continue until whichever occurs earlier; defendant's death, remarriage, permanently residing with an unrelated male for greater than six months or plaintiff's death. The court shall retain jurisdiction to modify this spousal support provision based upon the above factors and in part on Mrs. Sweeney's mental condition and lack of marketable skills, Mrs. Sweeney's somewhat tenuous employment and long term marriage. The greater spousal support for the first three years should enable Mrs. Sweeney to attend regular counseling and full-time schooling or training with the hope that after three years she will have marketable skills.
 {¶ 5} As expressly noted in the divorce decree, the trial court retained jurisdiction to modify the spousal support provision.
 {¶ 6} In late 2000, appellant was involuntarily terminated from his employment. As a result, appellant sued his employer. That dispute was ultimately settled. Under the settlement agreement, appellant received $300,000, but was out of a job. Thereafter, appellant contends he looked unsuccessfully for employment as a CFO for about a year. In 2001, appellant moved to Sarasota, Florida, where he purchased a home for $310,000 free and clear as well as a sod business for $120,000. Thereafter, appellant earned approximately $50,000 per year as the owner/operator of the sod business.
 {¶ 7} Pursuant to the terms of the divorce decree, appellant's spousal support obligation was reduced from $3,500 per month to $2,500 in August 2001.
 {¶ 8} In October 2002, appellant filed a motion to terminate/reduce spousal support and for attorney's fees. The cause was heard by a magistrate on August 20, 2003 and January 26, 2004. Appellant and appellee presented conflicting expert testimony regarding appellant's earning capacity.
 {¶ 9} Pursuant to R.C. 3105.18(F), the magistrate determined that there had been a change in circumstances warranting a modification of spousal support. The magistrate found that appellant's obligation to pay spousal support should be reduced to $1,250 per month, effective October 1, 2002, the date appellant filed his motion.
 {¶ 10} Appellee filed objections to the magistrate's decision pursuant to Civ. R. 53(D)(3)(b). The trial court sustained appellee's objections and reinstated appellant's $2,500 per month spousal support obligation. Therefore, the trial court effectively denied appellant's motion to terminate/reduce spousal support. The trial court also ordered appellant to pay appellee's attorney's fees in the amount of $2,011.75 which appellee incurred in the preparation and litigation of her objections to the magistrate's decision.
 {¶ 11} Appellant appeals the trial court's judgment, assigning the following errors:
 [1.] THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO DEFER TO THE MAGISTRATE'S DETERMINATION OF CREDIBILITY OF WITNESSES WHEN THE TRIAL COURT WAS RELYING SOLELY ON A TRANSCRIPT OF THE PROCEEDINGS OF THE HEARING HELD BY THE MAGISTRATE. [2] THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO MODIFY THE PLAINTIFF-APPELLANT'S SPOUSAL SUPPORT ORDER WHEN THE MAGISTRATE RULED THE PLAINTIFF-APPELLANT'S INCOME HAD INVOLUNTARILY DECREASED BY AT LEAST ONE-HALF AND PROBABLY ONE-THIRD OF WHAT IT HAD BEEN AT THE TIME OF THE ORIGINAL ORDER. [3] THE TRIAL COURT ERRED IN ORDERING APPELLANT TO PAY APPELLEE'S ATTORNEY FEES WITHOUT CONDUCTING A HEARING CONCERNING THE FINANCIAL CONDITION OF THE PARTIES AND WITHOUT DETERMINING IF THE AWARD WAS APROPRIATE GIVEN THE FACT THE MAGISTRATE HAD ORDERED A REDUCTION IN APPELLANT'S SPOUSAL SUPPORT AND THE MAGISTRATE FOUND THAT EACH PARTY COULD PAY THEIR OWN ATTORNEY FEES.
 {¶ 12} In his first assignment of error, appellant contends that the trial court erred by failing to defer to the magistrate's determination of witness credibility in sustaining appellee's objections to the magistrate's decision. We disagree.
 {¶ 13} The Supreme Court of Ohio has described the role of a trial court in reviewing objections to a magistrate's decision as follows:
 Civ. R. 53 places upon the court the ultimate authority and responsibility over the referee's findings and rulings. The court must undertake an independent review of the referee's report to determine any errors. Civ. R. 53(E)(5); Normandy Place Assoc. v. Beyer (1982), 2 Ohio St.3d 102, * * * paragraph two of the syllabus. Civ. R. (E)(5) allows a party to object to a referee's report, but the filing of a particular objection is not a prerequisite to a trial or appellate court's finding of error in the report. Id., paragraph one of the syllabus. The findings of fact, conclusions of law, and other rulings of a referee before and during trial are all subject to the independent review of the trial judge. Thus, a referee's oversight of an issue or issues, even an entire trial, is not a substitute for the judicial functions but only an aid to them. A trial judge who fails to undertake a thorough independent review of the referee's report violates the letter and spirit of Civ. R. 53, and we caution against the practice of adopting referee's reports as a matter of course, especially where a referee has presided over an entire trial.
Hartt v. Munobe (1993), 67 Ohio St.3d 3, 5-6 (emphasis sic).
 {¶ 14} The trial court does not sit in the position of an appellate court when reviewing a magistrate's decision. The magistrate's roll is to assist the trial court, and the magistrate's decision is only a recommendation. Wolff v. Kreiger (1976), 48 Ohio App.2d 153, 155-156
(Civ. R. 53 limits a referee's authority to conducting a hearing, taking testimony, and then making a report and recommendation to the court). The trial court must conduct a de novo review of the facts and conclusions contained in the magistrate's decision. DeSantis v.Soller (1990), 70 Ohio App.3d 226, 232. The trial court, as the ultimate finder of fact, must make its own factual determinations through an independent analysis of the evidence and should not adopt the findings of the magistrate unless the trial court fully agrees with them. Id. The trial court has the obligation to determine whether the magistrate has properly determined the facts and applied the appropriate law. If, in the judgment of the trial court, the magistrate has failed to do so, the trial court must substitute its judgment for that of the magistrate.Coronet Ins. Co. v. Richards (1991), 76 Ohio App.3d 578, 585. ("While the referee is the tentative finder of fact, the trial court is the ultimate finder of fact and need not defer to the referee's factual findings.")
 {¶ 15} In the case at bar, the trial court simply disagreed with some of the magistrate's factual findings. As noted above, the trial court was obligated to independently review the evidence and to substitute its judgment for that of the magistrate if it disagreed with the magistrate's decision. Although the trial court may appropriately give weight to the magistrate's assessment of witness credibility in view of the magistrate's firsthand exposure to the evidence, the trial court must still independently assess the evidence and reach its own conclusions. DeSantis, at 233; Coronet, at 585.
 {¶ 16} Appellant relies on Lang v. Lang, Franklin App. No. 02AP-1235, 2003-Ohio-5445, in arguing that the trial court must accept the magistrate's assessment of witness credibility. However, appellant's reliance on Lang is misplaced. In Lang, the appellant argued that the trial court incorrectly applied the same rationale as that of an appellate court in reviewing the magistrate's factual determinations. We held that the trial court did not apply the same rationale as an appellate court but, under de novo review, properly made an independent assessment of the evidence, including witness credibility, in overruling objections to the magistrate's decision. Therefore, Lang does not support appellant's contention that the trial court must accept the magistrate's assessment of witness credibility.
 {¶ 17} Appellant's reliance on Gillam v. Gillam, Franklin App. No. 04AP-555, 2005-Ohio-583, and White v. White, Gallia App. No. 03CA-11,2003-Ohio-6316, is also misplaced. Both Gilliam and White involved the standard of review applied by an appellate court in reviewing a trial court's factual determinations — not the trial court's obligation to independently assess a magistrate's factual findings.
 {¶ 18} Because the trial court did not err when it independently assessed the evidence, including witness credibility, and made its own factual determinations, we overrule appellant's first assignment of error.
 {¶ 19} Appellant contends in his second assignment of error that the trial court abused its discretion in sustaining appellee's objections to the magistrate's decision because the trial court's judgment was not supported by competent, credible evidence. Again, we disagree.
 {¶ 20} Where modification of a spousal support award is requested, the threshold question becomes whether the trial court retained jurisdiction to modify the provisions of its order. Grosz v. Grosz, Franklin App. No. 04AP-716, 2005-Ohio-985, at ¶ 8, citing Wolding v. Wolding (1992),82 Ohio App.3d 235, 239. Here, the parties do not dispute that the trial court expressly retained jurisdiction in the divorce decree to modify the spousal support provision. Therefore, the trial court had the authority to modify the spousal support award.
 {¶ 21} R.C. 3105.18(E) provides that the trial court may modify the amount or terms of a spousal support order upon a determination that "the circumstances of either party have changed." A "change of circumstances" includes, but is not limited to, any increase or involuntary decrease in the parties' wages, salary, bonuses, living expenses, or medical expenses. R.C. 3105.18(F). To warrant a modification, the change must be substantial and one that was not contemplated by the parties at the time of the prior order.Grosz, at ¶ 9, citing Tremaine v. Tremaine (1996), 111 Ohio App.3d 703,706.
 {¶ 22} A trial court is generally afforded wide latitude in deciding spousal support issues. Grosz, at ¶ 8, citing Bolinger v. Bolinger
(1990), 49 Ohio St.3d 120; Cherry v. Cherry (1981), 66 Ohio St.2d 348. An appellate court reviews the modification of spousal support under an abuse of discretion standard. Id.; Booth v. Booth (1989),44 Ohio St.3d 142, 144. The phrase "abuse of discretion" connotes more than an error of law or judgment; it applies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Absent an abuse of discretion, the trial court's spousal support judgment will be affirmed. Masters .Masters (1994), 69 Ohio St.3d 83; Grosz, at ¶ 9.
 {¶ 23} When addressing a motion to modify a spousal support order, the trial court engages in a two-step analysis. First, the trial court must determine whether there has been a substantial and involuntary change in circumstances of either party not contemplated at the time of the prior order. R.C. 3105.18(E); Grosz, at ¶ 9-10. Second, if there exists such a change of circumstances, the trial court must determine whether spousal support is still necessary and, if so, in what amount. Id. at ¶ 11, citing Kucmanic v. Kucmanic (1997), 119 Ohio App.3d 609, 613;Bingham v. Bingham (1983), 9 Ohio App.3d 191. The burden of showing that modification of spousal support is warranted is on the party who seeks it. Georgenson v. Georgenson, Franklin App. No. 03AP-390,2003-Ohio-7163, at ¶ 11, citing Joseph v. Joseph (1997),122 Ohio App.3d 734, 736.
 {¶ 24} In the case at bar, the trial court found that appellant failed to establish that his reduction in income was involuntary. Rather, the trial court found that appellant's reduction in income was the result of his unwillingness to pursue more lucrative positions more in line with appellant's past employment. This finding turned, in part, on the trial court's assessment of appellant's credibility. The trial court noted that appellant had an MBA and had previously served as the CFO of several companies. The trial court also noted that appellee moved to Sarasota, Florida, where he purchased a $310,000 home in a golf course community with cash. Although appellant also bought a sod company and earned approximately $50,000 a year doing manual labor, the court did not believe that appellant was incapable of finding more lucrative work, particularly given appellant's statement that part of the reason he bought the sod company was because he "simply wanted to try something different and wanted to see what it was like to work outdoors."
 {¶ 25} The trial court also found that appellee's living budget was very modest and that the $2,500 per month spousal support order that existed prior to the magistrate's decision barely allowed appellee to meet her basic needs. Although appellant argued that appellee had done little since the divorce to improve her situation, the trial court determined that appellee's inability to secure employment was not due to her lack of effort, but to her very limited work experience during the marriage and to physical and psychological limitations, including severe depression, a hearing impairment, and bouts with severe diarrhea. Therefore, the trial court found that appellee's needs required the reinstatement of spousal support at $2,500 per month.
 {¶ 26} Although reasonable minds might fairly debate the degree of evidentiary support for appellant's motion, we find that the record contains substantial competent, credible evidence supporting the trial court's decision to sustain appellee's objections to the magistrate's decision and to overrule appellant's motion to modify spousal support. Therefore, we find that the trial court did not abuse its discretion and we overrule appellant's second assignment of error.
 {¶ 27} In his last assignment of error, appellant contends that the trial court erred in ordering him to pay appellee $2,011.75 for attorney's fees incurred in preparing her objections to the magistrate's decision. Appellant argues that pursuant to R.C. 3105.18(H), the trial court could only award appellee attorney's fees if the award was necessary to allow appellee to fully litigate her rights and to protect her interests. Citing Eckstein v. Eckstein, Medina App. No. 03CR0048-M,2004-Ohio-724, appellant also contends that the trial court could not award attorney's fees without first conducting an evidentiary hearing to establish the reasonableness of the fees. Because the trial court did not hold an evidentiary hearing to determine the reasonableness of the fees and the necessity of an award to allow appellee to fully litigate her rights, appellant contends the trial court erred.
 {¶ 28} Appellee argues that former R.C. 3105.18(H) is not applicable to this case due to the enactment of R.C. 3105.73(B). We note that H.B. No. 36 amended R.C. 3105.18, deleting subsection (H), effective April 27, 2005. H.B. No. 36 also enacted R.C. 3105.73, entitled, "Award of attorney fees and litigation expenses," to replace the deleted. R.C. 3105.18(H). Therefore, we must determine which statute applies to the trial court's award of attorney's fees.
 {¶ 29} Although the trial court indicated in its decision and entry of February 1, 2005, that appellee would be awarded attorney's fees incurred in the preparation and litigation of her objections to the magistrate's decision, that decision and entry did not specify the amount of attorney's fees to be awarded. Therefore, this court dismissed appellant's subsequent appeal from that decision for lack of a final appealable order. Sweeny v. Sweeney (Nov. 10, 2005), Franklin App. No. 05AP-203 (Memorandum Decision). On remand, the trial court entered a final order on February 27, 2006, requiring appellant to pay appellee $2,011.75 for attorney's fees and litigation costs. Therefore, at the time of the trial court's initial February 1, 2005 decision on attorney's fees (which did not establish an amount), R.C. 3105.18(H) was still in effect. However, approximately two and one-half months later, R.C. 3105.18(H) was repealed and replaced by R.C. 3105.73(B). Therefore, when the trial court entered its final judgment on February 27, 2006, awarding $2,011.75 for attorney's fees, R.C. 3105.73(B) was in effect.
 {¶ 30} This court recently examined the impact of R.C. 3105.73(B) in a case pending on the effective date of the statute. In Heyman v.Heyman, Franklin App. No. 05AP-475, 2006-Ohio-1345, the judgment entry of divorce was issued one day after the effective date of R.C. 3105.73. At issue was whether R.C. 3105.73 or 3105.18(H) applied to the trial court's award of attorney fees. This court held that the legislature clearly intended the amendment of R.C. 3105.18 and the enactment of R.C. 3105.73 to be applied retroactively because the statute expressly applied to cases pending in a trial or appellate court on the effective date of the statute. Id. at ¶ 11. This court also found inHeyman that the retroactive application of R.C. 3105.73 does not violate the constitutional prohibitions set forth in Section 28, Article II of the Ohio Constitution because the statute is remedial in nature. Id. at ¶ 13. "Ohio courts have long interpreted this constitutional mandate to proscribe the retroactive application of laws that are substantive in nature only; laws of a remedial nature are permitted to be retrospective in their operation." Heyman, at ¶ 10, citing Rairden v. Holden (1864),15 Ohio St. 207; EPI of Cleveland v. Limbach (1989), 42 Ohio St.3d 103. This court further stated in Heyman:
 The distinction between substantive and remedial statutes can be difficult to define, as a statute often contains attributes of both. Generally, though, the Ohio Supreme Court has found a statute to be substantive if it impairs or takes away vested rights, affects an accrued substantive right, imposes new or additional burdens, duties, obligations or liabilities as to a past transaction, creates a new right, or gives rise to or takes away the right to sue or defend actions at law. Van Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, 107. On the other hand, "[r]emedial laws are those affecting only the remedy provided." Id. Laws of a remedial nature are often characterized as those that provide rules of practice, courses of procedure, methods of review, or a new or more appropriate remedy. Id. at 108; In re Thompson (Apr. 26, 2001), Franklin App. No. 00AP-1358. Thus, a remedial law may affect the procedure by which a right is enforced, but it should not affect the right itself. Van Fossen, supra, at 108.
Id. at ¶ 12.
 {¶ 31} We concluded in Heyman that R.C. 3105.73 is remedial in nature because the new statute "does not impose a new duty, burden or obligation, nor does it create a new cause of action or eliminate an existing right." Id. at ¶ 13. Rather, R.C. 3105.73 "merely affects the procedure by which a court reviews a request for an award of attorney fees in a divorce action." Id.
 {¶ 32} Based on Heyman, we conclude it is appropriate to analyze the trial court's award of attorney fees under R.C. 3105.73(B). Therefore, the trial court did not need to assess whether an award of attorney fees was necessary to allow appellee to fully litigate her rights as had been required under R.C. 3105.18(H). Rather, we must assess whether the trial court's award of attorney fees was equitable.[1] R.C. 3105.73(B).
 {¶ 33} We apply an abuse of discretion standard in reviewing a trial court's award of attorney fees pursuant to R.C. 3105.73(B). Karales v.Karales, Franklin App. No. 05AP-856, 2006-Ohio-2963, at ¶ 25;Carroll v. Carroll, Delaware App. No. 05CAF110079, 2006-Ohio-5531, at ¶ 69 and 81, citing Rand v. Rand (1985), 18 Ohio St.3d 356. Here, we fail to see a basis for finding an abuse of discretion. Although the trial court did not expressly state its reasons for ordering appellant to pay appellee $2,011.75 for attorney fees incurred in preparing and litigating her objections to the magistrate's decision, those reasons can be easily discerned from the findings of the trial court on the spousal support issue. Obviously, the trial court found that appellee's objections to the magistrate's decision were valid because the trial court sustained them. The trial court also found that appellant was voluntarily underemployed and that appellee's income potential was quite modest. Given these findings, the trial court did not abuse its discretion in ordering appellant to pay appellee the attorney fees she incurred in preparing and litigating her objections to the magistrate's decision.
 {¶ 34} Although appellant argues that the trial court should have held a hearing to determine the reasonableness of the attorney fees claimed by appellee, we note that appellant stipulated to the reasonableness of attorney fees when he approved the February 27, 2006 judgment entry. That judgment entry expressly provides that "[t]he parties stipulate and agree that the sum of $2,011.75 was necessary for litigating the objections and that said sum is reasonable for like services rendered by experienced domestic relations attorneys in the Central Ohio area. Therefore, there was no need for the trial court to hold a hearing to determine the reasonableness of the attorney fees submitted by appellee.
 {¶ 35} For the foregoing reasons, appellant's third assignment of error is overruled.
 {¶ 36} Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.
Judgment affirmed.
[1] R.C. 3105.73(B) provides that [i]n any post-decree motion or proceeding that arises out of an action for divorce, * * * the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets."