[Cite as *Miller v. Ohio Dept. of Transp.*, 2012-Ohio-6324.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DENNIS D. MILLER, Admr., etc.

   Plaintiff

   v.

OHIO DEPARTMENT OF TRANSPORTATION, et al.

   Defendants

Case No. 2009-07679

Judge Alan C. Travis
Magistrate Holly True Shaver

JUDGMENT ENTRY

{¶ 1} Plaintiff brought this action against defendant, Ohio Department of Transportation (ODOT)[1], for wrongful death and negligence on behalf of himself and the heirs of decedent, Pauline Miller (Miller). This case was tried to the court simultaneously with Case No. 2009-09205 and on March 19, 2012, the magistrate issued a decision recommending judgment in favor of plaintiff on the issue of liability. On April 2, 2012, the court adopted the magistrate's recommendation pursuant to Civ.R. 53(D)(4)(d)(i).

{¶ 2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed." On April 2, 2012, defendant filed objections. On April 10, 2012, plaintiff filed cross-objections.

---

[1]Plaintiff has named both ODOT and the State of Ohio as defendants; however, throughout this decision, "defendant" shall refer to ODOT.

{¶ 3} This case arises out of a motor vehicle crash that occurred on March 11, 2008, on State Route 165 (SR 165) near mile markers 1.0 to 1.3 in Columbiana County, Ohio.  Miller was driving her vehicle northbound on SR 165 when her vehicle was struck by a straight truck driven by Joseph Goscenski, Jr., a truck driver employed by George Wm. Morgan, Jr. & Co.  Goscenski testified that he was concluding his truck route and returning to Pennsylvania.  He was traveling southbound on SR 165 when his vehicle struck a series of potholes in his travel lane which caused him to lose control of his vehicle, cross into the northbound lane, and hit Miller's vehicle.  Miller was killed in the accident.

{¶ 4} The magistrate found both that plaintiff's expert, Henry Lipian, was more persuasive than defendant's expert, Timothy Tuttle, and that Goscenski's testimony that he hit the potholes and lost control of his truck was credible.  Accordingly, the magistrate concluded that Goscenski's truck did strike the potholes on SR 165.  Turning to the issue of notice, the magistrate found that defendant did not have actual notice of the "precise condition of the roadway defect" that existed on March 11, 2008.  The magistrate found that defendant had constructive notice that the potholes on SR 165 were unreasonably dangerous to the traveling public and in need of immediate repair.  Finally, the magistrate found that defendant's failure to repair the potholes was the sole proximate cause of plaintiff's injuries and that an apportionment of fault attributable to Goscenski pursuant to R.C. 2307.22 was not appropriate.

{¶ 5} Plaintiff's sole objection is that the magistrate erred in finding that ODOT did not have actual notice of the potholes on SR 165 prior to March 11, 2008.  The magistrate found that ODOT had actual notice of the potholes that existed on SR 165 on March 6, 2008, but that the potholes that existed on March 6, 2008 were not of the "same magnitude" as the potholes that existed on March 11, 2008 and that therefore, defendant did not have actual notice of the "precise condition" of the defect that existed on SR 165 on March 11, 2008.

{¶ 6} John Rieseck testified that he lived on SR 165 in March 2008. Rieseck explained that approximately two to three weeks before Miller's accident, he was driving on southbound SR 165 when he hit the potholes. According to Rieseck, he contacted ODOT to inform them of the potholes, but he was unable to recall much about the substance of the conversation.

{¶ 7} Barry Miner also testified that he observed the potholes on SR 165 on March 6, 2008, when he inspected SR 165 as part of his duties as the ODOT county manager for Columbiana County. According to Miner, he determined that the potholes should be patched but that they were not in need of immediate repair.

{¶ 8} ODOT is not liable for damages caused by dangerous conditions on state highways unless it has actual or constructive notice of the precise condition alleged to have caused the injuries. *Manning v. Ohio Dept. of Transp.,* 10th Dist. Nos. 96API07-931, 96API07-932, 96API07-937 (Apr. 24, 1997), citing *McClellan v. Ohio Dept. of Transp.*, 34 Ohio App.3d 247 (10th Dist.1986). Observing photographs of the potholes taken by the Ohio State Highway Patrol at the time of the accident, Miner testified that the potholes were larger than, and not in the same condition as, the potholes he observed on SR 165 on March 6, 2008. Miner estimated that the pothole he observed on March 6, 2008 was approximately 12 inches long, eight inches wide, and two inches deep. The Ohio State Highway Patrol's traffic crash report from the March 11, 2008 accident measured the large pothole as five inches deep and 24 inches wide. Further, Rieseck testified that upon reviewing the photographs of the potholes taken on March 11, 2008, the potholes were bigger and deeper than the potholes he encountered in his vehicle prior to calling ODOT. The court agrees with the magistrate that the potholes that existed on March 11, 2008 were not the precise condition that Miner observed on March 6, 2008. Accordingly, plaintiff's objection shall be overruled.

{¶ 9} Turning to defendant's objections, defendant first asserts that the magistrate erred by holding that defendant breached a duty to plaintiff. Defendant argues that it did not have constructive notice of the potholes at issue. Defendant

asserts that Harold Lipp's testimony is "speculative and emotionally-charged" and insufficient to establish constructive notice to defendant.

{¶ 10} "Although the trial court may appropriately give weight to the magistrate's assessment of witness credibility in view of the magistrate's firsthand exposure to the evidence, the trial court must still independently assess the evidence and reach its own conclusions." *Sweeney v. Sweeney*, 10th Dist. No. 06AP-251, 2006-Ohio-6988, ¶ 15, citing *DeSantis v. Soller*, 70 Ohio App.3d 226, 233 (10th Dist.1990). Lipp testified that he has lived on the corner of SR 165 and Heck Road since 1954. According to Lipp, when he left his home to attend church on the morning of March 9, 2008, SR 165 was not plowed but when he returned home later in the day, SR 165 had been plowed. Defendant contends that it did not plow SR 165 on March 9, 2008. However, ODOT acknowledges that it is responsible for plowing SR 165 and Lipp noticed an imprint of a plow in the snow near the area of the potholes on March 9, 2008. Lipp's testimony that the photographs of the potholes taken on March 11, 2008 depict the same condition of the potholes on March 9, 2008, is credible. Accordingly, the magistrate did not err in concluding that ODOT had constructive notice of the precise condition of the potholes on March 9, 2008.

{¶ 11} Defendant contends, in the alternative, that its decision to prioritize roadways for pothole patching is a decision subject to discretionary immunity. As a general rule, "the state cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion. However, once the decision has been made to engage in a certain activity or function, the state may be held liable, in the same manner as private parties, for the negligence of the actions of its employees and agents in the performance of such activities." *Reynolds v. State*, 14 Ohio St.3d 68, 70 (1984). Accordingly, ODOT may be charged with neglect if it is demonstrated that the state had knowledge, either

constructive or actual, of the roadway defect complained of, and within sufficient time to remedy it. *Danko v. Ohio Dept. of Transp.,* Ct. of Cl. No. 90-05881 (July 29, 1992), *aff'd,* 10th Dist. No. 92AP-1183 (Feb. 4, 1993).

{¶ 12} As stated above, the court finds that ODOT had constructive notice of the defect. Further, ODOT had a reasonable amount of time prior to the accident, in order to remedy the pothole and failed to do so. Miner testified that when he saw the potholes on SR 165 on March 6, 2008, he determined that they needed to be patched. Further, ODOT had constructive notice of the deteriorated condition of the potholes on March 9, 2008, two days prior to Miller's accident which occurred on March 11, 2008. ODOT performed snow and ice control on March 8 and 9, 2008, but on March 10, 2008, some of its employees patched potholes. ODOT was removing snow from its roadways and patching other potholes during this time, and the court agrees with the magistrate that ODOT had a reasonable amount of time to remedy the defect and failed to do so. Discretionary immunity does not apply. Accordingly, defendant's first objection shall be overruled.

{¶ 13} In its second objection, defendant argues that the magistrate erred in finding that the pothole proximately caused the accident. Defendant asserts that Goscenski's testimony was not credible based on several inconsistencies. The magistrate found that Goscenski testified credibly that his truck struck the potholes which caused him to lose control of his truck. Upon review, the court finds that the magistrate is in the best position to weigh the credibility of a witness. *See Sweeney, supra.* The court agrees with the magistrate's finding regarding Goscenski's credibility and his testimony that striking the pothole caused him to lose control of his truck. Goscenski testified that he was not speeding and Lipian was unable to conduct a speed calculation due to the lack of physical evidence at the accident scene. The magistrate found Lipian's testimony to be more credible than defendant's expert, Tuttle, who testified that Goscenski was traveling 64 miles per hour, went left of center, and did not hit the potholes. The court agrees. *See Sweeney, supra.* Upon review, the court finds

that Goscenski used reasonable care even though he hoped to finish his truck route in order to make a doctor's appointment at 8:30 a.m.

{¶ 14} Defendant further argues that even if Goscenski hit the potholes, he should have been able to maintain control of his vehicle if he had exercised reasonable care because only one tire went into the pothole.  Lipian testified that only the front right tire of the truck went into the pothole.  Lipian explained that the right rear tires also went over the pothole but because the two tires on the rear of the right side are mounted together as a "dual" tire, this would have stabilized the right rear tires as they went across the pothole.  There is no physical evidence to support the contention that Goscenski should have been able to maintain control of his vehicle even though only one tire went into the pothole.  Accordingly, defendant's second objection shall be overruled.

{¶ 15} Upon review of the record, the transcript, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law.  Both plaintiff's and defendant's objections are OVERRULED.  Therefore, pursuant to Civ.R. 53(D)(4)(e)(i), the court "adheres to the judgment previously entered."  A case management conference is set for *August 31, 2012, at 10:00 a.m.,* to discuss further proceedings.  The court shall initiate the conference via telephone.

 

 

_____
ALAN C. TRAVIS
Judge

cc:

Ellen M. McCarthy
Jamie R. Lebovitz
1370 Ontario Street, Suite 100
Cleveland, Ohio 44113-1792

Emily M. Simmons
William C. Becker
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

004
Filed July 30, 2012
To S.C. Reporter January 16, 2013