[Cite as *Schuetzman v. Dept. of Rehab. & Corr.*, 2018-Ohio-4821.]

| | |
|---|---|
| DAVID SCHUETZMAN | Case No. 2016-00890JD |
| Plaintiff | Judge Patrick M. McGrath<br>Magistrate Holly True Shaver |
| v. | <u>JUDGMENT ENTRY</u> |
| OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} On June 14, 2018, the magistrate issued a decision recommending judgment for plaintiff with a 40 percent reduction in damages based on plaintiff's own contributory negligence. Defendant filed objections to the magistrate's decision on July 17, 2018. Initially, the court GRANTS plaintiff's July 19, 2018 motion for leave to file a response to defendant's objections.

{¶2} Plaintiff, formerly an inmate in defendant's custody, sustained injuries when he fell from a 12-foot step ladder on March 23, 2016 while working as part of a construction crew for Ohio Penal Industries. At the time of his fall, plaintiff's construction crew worked at the Multi-County Juvenile Detention Center (MCJDC) in Lancaster, Ohio replacing metal railings. The work required the crew to use an arc welder, the fumes from which were to be ventilated outside via an exhaust fan attached to a conduit that ran through the existing ventilation system. To run the conduit, the crew removed existing wall vents. Though the work crew used a scissor lift earlier in the day to reach and remove the vent(s) in Unit A, plaintiff used a 12-foot step ladder to remove the vent in Unit B. The ladder did not quite reach the vent, which weighed 50 or more pounds. Plaintiff fell, after cutting welds securing the vent to the wall, as he wiggled the vent back and forth to remove it from the wall.

{¶3} Mr. Ron Baker acted as maintenance supervisor for the MCJDC. Mr. Baker worked with the crew to remove the vents earlier in the day using the scissor lift. After his work day ended around 3:00 p.m., Mr. Baker stored the scissor lift in the MCJDC's sally port and left for the day. He told the OPI crew that he would remove the remaining vent the following day.

{¶4} Mr. Tony Richards, defendant's employee, acted as plaintiff's supervisor on the day of the accident. Plaintiff informed Mr. Richards that he could remove the vent. Mr. Richards granted permission to plaintiff to remove the vent so long as plaintiff could do so safely but did not order plaintiff to use the step ladder to do so.[1] Mr. Richards' job as supervisor included worker and work place safety and he had the authority to halt plaintiff's attempt to remove the vent.

{¶5} Plaintiff had 30 years of experience in the construction industry at the time of his March 23, 2016 fall. He acknowledged that he signed an inmate training form in 2013 that listed "ladder safety" as one type of training received. (Ex. A). Plaintiff never informed Mr. Richards he did not want to use the ladder to remove the vent.

{¶6} Neither plaintiff nor Mr. Richards were aware of the weight of the vent. Both were aware that Mr. Baker, who worked for MCJDC, used the scissor lift when working with the crew earlier in the day to remove the same type of vent. Both were also aware that plaintiff would be using a 12-foot step ladder, shorter than the vent's elevation which would require plaintiff to work overhead cutting the vent's welds with a grinder and using a pry bar to loosen the vent from the wall. Plaintiff's exhibit 1 depicts both the location of the vent and the height of the ladder in relation to the vent, showing the vent several feet above the top step of the ladder.

---

[1]Plaintiff testified that Mr. Richards ordered him to use the step ladder to remove the vent which Mr. Richards denied. The magistrate found plaintiff's testimony "was not credible." Plaintiff filed no objections to the magistrate's decision including her finding on this issue. Further, the magistrate's determination of credibility is entitled to some weight. *See Sweeney v. Sweeney*, 10th Dist. No. 06AP 251, 2006-Ohio-6988, 2006 Ohio App. Lexis 6952, ¶ 15. Based on the record, the court is unable to make a different finding regarding plaintiff's testimony on this issue.

{¶7} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." Objections to factual findings must be supported by a transcript or, where a transcript is unavailable, with an affidavit of evidence. Civ.R. 53(D)(3)(b)(iii). As to the trial court's duty when considering objections, Civ.R. 53(D)(4)(d) provides, in pertinent part:

> **Action on objections.** If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court <u>shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law</u>. (emphasis added).

Defendant asserts four objections to the magistrate's decision.

{¶8} Defendant's first objection asserts, "[t]he magistrate erred by concluding that defendant breached its duty of reasonable care to plaintiff because Richards allowed plaintiff to use a step ladder to remove the vent; defendant did not breach its duty of care to plaintiff." Defendant's second objection asserts the magistrate erred "by not concluding that plaintiff's actions were the sole proximate cause of plaintiff's injuries." Together, these two objections assert the magistrate erred in concluding defendant, through Mr. Richards, acted negligently and, therefore the court addresses them together.

{¶9} The record establishes that plaintiff's supervisor, Mr. Richards, knowingly allowed plaintiff to use a 12-foot step ladder, a ladder shorter than the elevation of the vents to be removed, to remove vents of unknown weight. Mr. Richards knew this removal required plaintiff to use a grinder and pry bar, in an overhead manner, while at or near the ladder's top steps. Further, Mr. Richards allowed plaintiff to use a stepladder despite the fact that the crew used a much safer scissor lift when removing other vents earlier in the day. The way plaintiff removed the vent was dangerous. As

the magistrate found, "although neither plaintiff nor Richards knew how much the vent weighed, the act of pulling a vent out of a wall above one's head, while standing on a stepladder presented a foreseeable risk of injury."

{¶10} In short, Mr. Richards, either knowing the risk and/or being in such a position that he should have known the risk, allowed plaintiff, an inmate-worker he was supervising, to perform work in a dangerous manner which foreseeably resulted in plaintiff's injuries. Thus, the magistrate properly determined that defendant breached its duty of care to plaintiff which proximately resulted in injury to plaintiff. Defendant's first two objections are OVERRULED.

{¶11} Defendant's third objection asserts "the magistrate erred by not concluding that plaintiff's negligence exceeded any negligence by defendant." Like plaintiff, Mr. Richards did not know how much the vent weighed and knew that the crew used the scissor lift earlier to perform the same work. He had the same knowledge as plaintiff regarding the way in the which the work would be performed.

{¶12} However, unlike plaintiff, Mr. Richards had the authority to dictate the way in which the work was performed and/or to order plaintiff to cease using the ladder; he did neither. Mr. Richards himself testified that, after plaintiff started working on removing the vent:

> Various time I looked at him to see what he was doing. I check on the guys, make sure they ain't doing nothing ignorant because it's happens. So, you know, he was on a safe place in the ladder, he wasn't doing anything, you know, that I felt was unsafe, running a grinder or anything like that. (sic) (Tr. at 101).

Mr. Richards acknowledged both his duty regarding plaintiff's safety and his failure to appreciate the dangerousness of allowing plaintiff to use the ladder and grinder to remove the vent. As the supervisor, Mr. Richards was in the superior position to act to prevent plaintiff from using the step ladder to remove the vent but failed to appreciate or act upon the risk inherent in plaintiff's work. Therefore, the court agrees with the

magistrate's determination that, though plaintiff bore some responsibility for the way in which the work was performed, defendant's negligence was greater than plaintiff's contributory negligence. As such, defendant's third objection is OVERRULED.

{¶13} Defendant's fourth objection asserts "the magistrate erred by ignoring Richards' testimony that plaintiff told him that * * * the accident was 'nobody's fault.'" Plaintiff's opinion regarding the accident does not change the dangerousness of employing a step ladder to remove the vent nor ameliorate Richards' failure of judgment in allowing plaintiff to proceed with work in an unsafe manner. These facts establish defendant's negligence regardless of plaintiff's opinion. Defendant's fourth objection is OVERRULED.

{¶14} Given the above, the court OVERRULES all of defendant's objections. The court finds the magistrate properly determined the factual issues and appropriately applied the law. Therefore, the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein. Judgment is rendered in favor of plaintiff with a 40 percent reduction in damages based on plaintiff's own contributory negligence. A case management conference is scheduled for *December 6, 2018, at 10:00 a.m.*, to discuss further proceedings.

PATRICK M. MCGRATH
Judge

**Filed October 30, 2018**
**Sent to S.C. Reporter 12/5/18**