OPINION
{¶ 1} Defendant-Appellant, Larry S. Layne ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, adopting a magistrate's decision denying appellant's motion to modify child support, and holding appellant in contempt for failing to comply with the terms of his 1997 divorce decree. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Appellant sets forth two assignments of error for our review:
ASSIGNMENT OF ERROR #I
The Trial Court erred in overruling the Defendant-Appellant's objections to the Magistrate's Report and Recommendation where the Magistrate's the (sic) report and recommendation contains errors on its face.
ASSIGNMENT OF ERROR # II
The Trial Court erred in overruling the Defendant-Appellant's objections to the Magistrate's Recommendation to find the Defendant-Appellant in contempt for failing to comply with the Court's orders regarding payment of tax arrearages, where there was no evidence that the Defendant had been served with a copy of the Court order and where the Defendant-Appellant had entered into an agreement with the Internal Revenue Service.
 {¶ 3} Appellee, Diane Layne, filed a petition for divorce on May 23, 1996.[1] On March 3, 1997, appellant and appellee filed a joint-shared parenting plan and a separation agreement. Each party signed both documents. The joint-shared parenting plan and separation agreement state that they are to be incorporated into, and made part of, the divorce decree. The joint separation agreement, which appellant signed under oath before a notary public, provides that appellant shall pay any tax arrearages due on the parties' joint income for tax years 1993 and 1994, and that appellant shall reimburse appellee for any amounts garnished or attached by a taxing authority to satisfy these obligations.
 {¶ 4} The parties also submitted an "agreed entry and decree of divorce" to the trial court. The agreed entry provides that the joint-shared parenting plan and separation agreement are to be made a part of the court's order granting a divorce decree, as if the court had fully rewritten them in its order. The trial judge signed the entry as submitted by the parties and filed it with the clerk of courts, who served each party with notice of a final appealable order, pursuant to Civ.R. 58(A).
 {¶ 5} On September 23, 1999, appellant filed a motion to modify child support. On December 18, 2000, appellee filed a motion asking the court to hold appellant in contempt of court, claiming appellant failed to fulfill his obligation to pay back taxes for 1993 and 1994. A hearing addressing both motions was held on the record before a magistrate on October 16, 2002.[2] The magistrate filed a written decision, including findings of fact and conclusions of law, on August 4, 2003.
 {¶ 6} In her decision, the magistrate determined that there was insufficient evidence presented at the hearing to determine a modification of child support was warranted. The magistrate also found that appellee "sustained her burden of proof by clear and convincing evidence that [appellant] should be held in contempt for non-payment of any and all amounts due and owing for joint tax returns for tax years 1993 and 1994."
 {¶ 7} Appellant timely filed written objections to the decision, supporting them with an affidavit referring to certain evidence in lieu of providing a transcript of the hearing. On November 10, 2003, the trial court journalized an entry overruling appellant's objections, noting that appellant "failed to provide the court with a transcript of the proceedings before the Magistrate to support the issues of fact disputed in his written objections."
 {¶ 8} We review a decision of a trial court adopting a magistrate's decision according to an abuse of discretion standard. George Thomas Contractor, Inc. v. Hackmann (Mar. 8, 2001), Franklin App. No. 00AP-877. An abuse of discretion is described as being more than an error of law or judgment; it implies the court's attitude was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. An appellate court should not substitute its judgment for that of the trial court when applying the abuse of discretion standard. State ex rel. Duncan v. Chippewa Twp. Trustees
(1995), 73 Ohio St.3d 728, 732. A trial court has not abused its discretion simply because a reviewing court could maintain a different opinion if it were deciding the issue de novo.Guernsey Bank v. Varga, Franklin App. No. 01AP-1129, 2002-Ohio-3336; McGee v. CS Lounge (1996),108 Ohio App.3d 656, 660.
 {¶ 9} Appellant bears the burden of showing a trial court's error in adopting a magistrate's decision by making specific reference to matters in the record. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384. Any objection to a magistrate's finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact, or by an affidavit of that evidence if a transcript is not available. Civ.R. 53(E)(3)(c).[3]
 {¶ 10} Appellant did not provide the trial court with a transcript of the proceedings before the magistrate. Instead, appellant filed an affidavit, stating in pertinent part:
* * *
3.) Evidence submitted by the parties in this matter included:
a.) Defendant's exhibit "A", child support worksheet;
b.) Defendant's Exhibit "B", 1997 Income Tax Form and profit loss statement;
c.) Defendant's Exhibit "C", 1998 Income Tax Form;
d.) Defendant's Exhibit "D", 1999 Income Tax Form;
e.) Plaintiff's Exhibit 3, Employee Change Document;
f.) Plaintiff's Exhibit 5 child support worksheet.
 {¶ 11} While Civ.R. 53(E)(3)(c) alternatively allows a party to support objections with an affidavit of the evidence if a transcript is not available, the record contains a certificate stating a court reporter was present to transcribe the October 16, 2002 hearing on these motions. There is no indication in the record that a transcript was ordered, or that appellant sought an extension of time to have one prepared. Hill v. Hill (Nov. 16, 2000), Franklin App. No. 00AP-385 (a party complies with Civ.R. 53(E)(c) by ordering a transcript, timely filing objections, and notifying the trial court that a transcript had been ordered). "The element of availability [of a transcript] is not something which is discretionary with the appellant." Dintino v. Dintino
(Dec. 31, 1997), Trumbull App. No. 97-T-0047. Appellant must affirmatively show that a transcript was unavailable before he may use an alternate method of supporting his objections, such as filing an affidavit of all the relevant evidence.[4] Brownv. Brown (Aug. 29, 1995), Franklin App. No. 94APE10-1489; see, also, Weitzel v. Way, Summit App. No. 21539, 2003-Ohio-6822;Csongei v. Csongei (July 30, 1997), Summit App. No. 18143. Having failed to show that a transcript is unavailable, appellant is not entitled to use an alternate method of supporting his objections. Appellant has not properly supported his objections to the magistrate's findings of facts, as required by Civ.R. 53(E)(3)(c).
 {¶ 12} Where, as here, the required support for a party's objections is not provided, a trial court is required to accept the magistrate's findings of facts, and can examine only the legal conclusions based on those facts. Duncan, supra. Our review of appellant's assignments of error is therefore limited to whether the trial court abused its discretion in applying the law to the magistrate's findings of facts. H.L.S. Bonding Co. v.Fox, Franklin App. No. 03AP-150, 2004-Ohio-547, citing Duncan,
supra.
 {¶ 13} In his first assignment of error, appellant claims the magistrate's decision is erroneous on its face, where he claims it states:
"* * * [T]here was no information presented * * * regarding their income or other financial information" and that "neither party submitted any of the information or forms required by Local Rule 18."
(Brief of Appellant, at 1.)
 {¶ 14} However, when appellant's quotation is placed in context, and legally significant language omitted by appellant is restored, the magistrate's decision actually reads as follows:
The Magistrate finds that at the instant trial there wasinsufficient evidence presented to determine a modification ofchild support. The Magistrate further finds that there was noinformation presented during the hearing on October 16, 2002 byeither party regarding their incomes or any other financial information to support a modification of child support.
(Emphasis added.) (November 4, 2003 Magistrate's Decision, at 1.)
 {¶ 15} Without a transcript, we cannot determine what evidence was presented at trial, and therefore must presume the magistrate's recitation of the evidence is correct. Knapp,
supra. Based on the record before us, we find the magistrate's statement that "at the instant trial there was insufficient evidence presented to determine a modification of child support" does not constitute an error of law or other defect on the face of the magistrate's decision, as appellant contends. Civ.R. 53(E)(4)(a).
 {¶ 16} Similarly, the magistrate's statement that "neither party submitted any of the information or forms required by Local Rule 18" is not an error or defect. The record does not contain the parties' proposed child support orders or notices and instructions for service as required by Loc.R. 18. Appellant alleges the magistrate's decision is legally deficient because the magistrate did not complete a child support worksheet as required by R.C. 3119.79. A child support worksheet appears in the record. As we presume the regularity of the proceedings below where no transcript is provided, we presume the court properly completed the worksheet as required by R.C. 3119.79, to the extent permitted by the limited evidence the parties submitted at the hearing. Whether the worksheet supports a modification of child support is a factual determination, which appellant may not challenge without providing a transcript. Accordingly, appellant's first assignment of error is overruled.
 {¶ 17} In his second assignment of error, appellant appeals the trial court's decision which overruled his objections to the magistrate's decision holding him in contempt for failing to comply with the terms of his divorce decree requiring him to pay tax arrearages for 1993 and 1994. The standard of review of a trial court's finding of contempt is an abuse of discretion.Allen v. Allen, Franklin App. No. 02AP-768, 2003-Ohio-954, citing State ex rel. Ventrone v. Birkel (1981),65 Ohio St.2d 10, 417 N.E.2d 1249. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore, supra.
 {¶ 18} Appellant claims there is no evidence he ever received actual notice of "the court's order directing him to pay outstanding tax liabilities." (Objections to Magistrate's Decision, at 6.) As noted above, on March 3, 1997, the parties filed a joint separation agreement, which appellant signed before a notary public, wherein he agreed to assume all liabilities for tax years 1993 and 1994. Further, the March 3, 1997 divorce decree states, in pertinent part:
IT IS FURTHER ORDERED, that the aforementioned Separation Agreement executed by the parties, concerning their rights and obligations as to the assets and liabilities of the marriage, which is attached hereto, be, and the same hereby is, made a part of the Decree of Divorce, as if fully rewritten herein, and the parties are ORDERED to fulfill each and every obligation imposed by the Separation Agreement upon them.
(Emphasis sic.)
 {¶ 19} A divorce decree is an order of the court. In the matter at bar, the court clearly ordered the parties to fulfill every obligation under the separation agreement, which included appellant's obligation to pay certain tax liabilities. Service of the court's order decreeing appellant's divorce necessarily means appellant was also served with the order directing him to pay his back taxes.
 {¶ 20} The trial court's order granting appellant's divorce was filed by the clerk of courts on March 3, 1997. Civ.R. 58(A). The same day, the clerk served the parties with notice of a final judgment, as Civ.R. 58(B) requires. As appellant was represented by counsel at that time, service was made by ordinary mail upon his attorney of record. Civ.R. 5(B). Civ.R. 58(B) provides that service was complete upon its notation on the docket. Appellant was therefore properly served with notice of judgment on March 3, 1997. No further notice of the court's order requiring appellant to abide by the terms of the settlement agreement was required, as a court does not issue subsequent orders "reminding" parties to obey its previous orders.
 {¶ 21} Additionally, on February 28, 1997, pursuant to Civ.R. 5(B), counsel for appellee filed a praecipe asking the clerk to serve a copy of the divorce decree and its related orders upon appellant directly. The clerk's docket shows that the requested service was issued on March 3, 1997, providing appellant with a second notice of the court's order. The service of process issued by the clerk has not been returned by the postal authorities marked as "undeliverable." The record therefore demonstrates appellant was properly served with the court's order directing him to pay tax arrearages for 1993 and 1994.
 {¶ 22} To the extent appellant's claim that he lacked "actual notice" could be interpreted to apply to the contempt proceedings, we note the following. On December 18, 2000, appellee filed the motion for contempt at issue here. Contempt proceedings in domestic relations cases are generally civil in nature, as any punishment is designed to encourage future compliance with the court's orders. Turner v. Turner (May 18, 1999), Franklin App. No. 98AP-999. Due process requires that a person accused of contempt must be afforded adequate notice of the allegations, time to prepare a defense, and an opportunity to be heard before any sanction is imposed. Id., R.C. 2705.03.
 {¶ 23} Appellant was served with a copy of the contempt motion by certified mail on December 22, 2000, providing him with notice of the allegations against him. At a hearing held on July 31, 2002, appellant was notified that the motion for contempt would be heard on October 16, 2002. Appellant appeared at the hearing and was afforded an opportunity to present any evidence to negate the claims of appellee. It appears from the record that appellant was afforded due process with regard to the motion for contempt. Turner, supra.
 {¶ 24} In sum, our review of the record demonstrates appellant was properly served with the court order directing him to fulfill his obligations under the separation agreement, which included his tax delinquencies. Appellant was afforded proper notice of the contempt proceeding. His objection that he lacked "actual notice" of the court's order is not well-taken.
 {¶ 25} In his brief, appellant contends the language quoted by the magistrate in support of her finding of contempt, was a provision in a separation agreement prepared by the parties in anticipation of a dissolution, but not divorce. The cited language is unmistakably part of the March 3, 1997 divorce decree. Additionally, in an affidavit dated January 5, 2001 opposing appellee's motion for contempt, appellant acknowledged that "The parties did enter into a separation agreement as part of a dissolution, which ultimately was incorporated into aDivorce Decree[.]" (Emphasis added.)
 {¶ 26} Further, appellant's claim that he "was informed by his counsel that the terms of the separation agreement were no loner (sic) applicable" has no bearing on the outcome here, as only the court can modify its previous order. Finally, in his brief, appellant states he submitted evidence to the magistrate that he entered into a payment arrangement with the Internal Revenue Service. Without a transcript, we are unable to review appellant's claim on this issue and must presume the magistrate's decision, which does not refer to such an agreement, is correct.
 {¶ 27} For the reasons stated above, appellant's second assignment of error must be overruled, as the record clearly shows he was properly served. We find no evidence that the trial court acted unreasonably or arbitrarily in adopting the magistrate's decision finding appellant in contempt.
 {¶ 28} Having overruled each of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.
Judgment affirmed.
Bowman and Watson, JJ., concur.
[1] As appellee filed her petition seeking a divorce decree on May 23, 1996, the record in this case is extensive. Accordingly, in the interest of clarity, we recite only those facts pertinent to the issues appellant raises.
[2] Although appellant's September 1999 motion to modify child support was not ruled upon until October 2002, the trial court could not rule on it for extended periods due to appellant's two previous appeals on unrelated issues. Layne v. Layne, Franklin App. No. 00AP-1274 (filed Nov. 7, 2000, decided May 22, 2001); 01AP-1241 (filed Oct. 31, 2001, decided June 6, 2002).
[3] Prior to July 1, 2003, this rule was numbered as Civ.R. 53(E)(3)(b).
[4] Appellant's affidavit is also defective on its face, as it identifies only the evidence upon which appellant relies, while Civ.R. 53(E)(3)(c) requires the affidavit to identify "all the relevant evidence presented at the hearing and not just the evidence that the party feels is significant." DAK, PLL v.Borgerding, Franklin App. No. 02AP-1051, 2003-Ohio-3342, quotingGalewood v. Terry Lumber Supply Co. (Mar. 6, 2002), Summit App. No. 20770.