OPINION
{¶ 1} Plaintiff-appellant, Wesley A. Gillam, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, which adopted a magistrate's decision terminating a shared parenting agreement appellant had with defendant-appellee, Susan A. Gillam (n.k.a. Rader). The judgment served to award appellee custody of the parties' son, Wesley Gillam, Jr. ("Wesley, Jr.").
 {¶ 2} The facts indicate Wesley, Jr. was born in October 1991, just after the parties had obtained a divorce decree. The trial court established Wesley, Jr.'s parentage in 1994, and issued a shared parenting decree providing that Wesley, Jr. would reside with appellee during the school year, with visitation with appellant every other weekend.
 {¶ 3} In 1995, the trial court issued an order terminating shared parenting and designating appellant as residential parent and legal custodian, with appellee to receive supervised visitation. In 2001, appellee moved for contempt against appellant for denying her visitation, and moved to reallocate parental rights, alleging that a change of circumstances resulted in her fear for the safety of Wesley, Jr. During the pendency of these motions, the parties entered into agreed magistrate's orders that provided appellee with telephone contact instead of regular weekday visitation, and designated summer vacation visitation plans.
 {¶ 4} The magistrate heard appellee's motions for contempt and change in custody in September 2002. Based upon facts adduced at the hearing, the magistrate recommended that appellee's motion be sustained, and that Wesley, Jr. be placed in appellee's custody. The magistrate also recommended that the trial court deny appellee's motion for contempt.
 {¶ 5} Appellant objected to the magistrate's decision on the grounds that the evidence did not show that a change of custody would be in Wesley, Jr.'s best interests. The trial court overruled appellant's objections and adopted the magistrate's decision. Specifically, the court found competent, credible evidence going to all of the factors set forth in R.C. 3109.04, supporting a finding that custody with appellee was appropriate. Relevant to the trial court's conclusions was its finding that Wesley, Jr.'s statements to the magistrate regarding his living preferences appeared to be forced, leading the magistrate to believe appellant may have coached Wesley, Jr. to say he wanted to remain in appellant's home.
 {¶ 6} The trial court found there was some evidence supporting the magistrate's finding that: some of the disciplinary techniques used by appellant and Wesley, Jr.'s stepmother were questionable; appellee was more likely to facilitate visitation; neither parent was able to cooperate in implementing a shared parenting plan; appellant had not encouraged appellee's contact with Wesley, Jr.; the guardian ad litem recommended that appellee have sole custody; and, finally, Wesley, Jr. had spent some time in appellee's new home in Roseville, Ohio, and had visited the school he would attend and so would be able to adjust to the new environment. Thus, the trial court adopted the magistrate's decision and ordered that legal custody go to appellee.
 {¶ 7} Appellant now assigns the following as error:
The trial court erred in overruling the objections to the Report of the Magistrate that named Defendant the residential parent and legal custodian of the minor child of the parties.
 {¶ 8} In considering an appeal from the decision of a trial court adopting a magistrate's decision, our standard of review requires us to determine whether the court has abused its discretion. Layne v. Layne,
Franklin App. No. 03AP-1058, 2004-Ohio-3310, at ¶ 8. Thus, we may only reverse where the trial court's decision demonstrates more than an error of law or judgment, and instead implies an attitude that is arbitrary, unreasonable or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 9} As a preliminary matter, we note that appellant has failed to provide, as a part of the record on appeal, a transcript of proceedings before the magistrate. Appellant bears the burden of showing a trial court's error in adopting a magistrate's decision by making specific reference to matters in the record. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199. Indeed, this court repeatedly has held that, where an appellant fails to provide a transcript for appellate review, this court has nothing to pass upon and must presume the validity of the trial court's proceedings and affirm the trial court's decision. See, e.g., Beer v. Beer, Franklin App. No. 04AP-93, 2004-Ohio-4559, at ¶ 8; Layne at ¶ 12; Fannin v. Fannin, Franklin App. No. 02AP-239, 2002-Ohio-5520, at ¶ 15-16. Therefore, we must limit our review to determining whether the trial court abused its discretion in applying the law to the magistrate's findings of fact. State ex rel. Duncan v.Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 732.
 {¶ 10} In asserting that the evidence did not support the trial court's decision, appellant argues that "[t]he mere fact that the child has aged, and that [appellee] has finally settled in a permanent home should not be sufficient for a finding of a change in circumstances." Appellant further argues that the magistrate's decision rested on findings that appellant had provided inappropriate discipline, and directs us to contradictory testimony indicating that appellant was, in fact, a good father who had not inappropriately disciplined Wesley, Jr. or attempted to coerce or bribe him to say he wanted to remain in appellant's custody.
 {¶ 11} In its decision, the trial court stated, in part:
In this case, [appellee]'s motion to modify the allocation of parental rights and responsibilities, requesting that she be named the sole residential parent and legal custodian of Wesley, Jr., was properly sustained. Furthermore, the Magistrate properly found a change in the circumstances of the child and parents occurred since the original allocation, due in part to (1) the age difference of Wesley, Jr. since [appellant] was granted custody in 1995, (2) [Appellee]'s change of circumstance since moving to Roseville, Ohio, a distance of an hour and a half from [appellant]'s home, and (3) the change in residents in [appellant]'s home. The Magistrate considered the best interest of the child in concluding that [appellee] shall be the residential parent and legal custodian and [appellant] shall have parenting time based upon a consideration of the applicable factors listed in sections 3109.04(F)(1) and (F)(2). Evidence in the transcript fully supports the Magistrate's findings and conclusions concerning Wesley, Jr.'s best interest. The record is equally supportive of the Magistrate's conclusion that the harm was outweighed by the change of environment.
At the outset, the court notes that the testimony before the Magistrate contained many inconsistencies and contradictions. In resolving these disparities, the court is guided by the well-recognized principle that "[t]he credibility of the witnesses and the weight to be attributed to their testimony are matters primarily for the trier of fact." * * * The Magistrate, as the trier of fact in this case, was in the best position to evaluate the credibility of the evidence because she was able to view the witnesses and observe their demeanor, voice inflections, and gestures. * * *[1]
 {¶ 12} Facially, the trial court's decision adequately addresses statutory factors set forth in R.C. 3109.04, and, absent a transcript, we must presume the regularity of the court's proceedings, and accept that court's resolution of evidentiary conflicts. See Collier v. Stubbins,
Franklin App. No. 03AP-553, 2004-Ohio-2819, at ¶ 20. Thus, we conclude the trial court did not err in concluding that the facts merited a change of custody, and appellant's assignment of error is overruled.
 {¶ 13} Based upon these considerations, we overrule appellant's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.
Judgment affirmed.
Sadler and Wright, JJ., concur.
Wright, J., retired of the Supreme Court of Ohio, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Although appellant has not supplemented the record on appeal with a transcript of proceedings before the magistrate, the trial court's decision indicates the trial court did have and review that transcript prior to rendering judgment.