DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the October 30, 2006 judgment of the Wood County Court of Common Pleas, which rendered a final judgment of divorce. Pursuant to 6th Dist.Loc. App.R. 12, we sua sponte transfer this matter to our accelerated docket and render our decision.
 {¶ 2} Appellant, Amy J. Beaverson, argues that the trial court erred by finding the objections of appellee, Richard L. Beaverson, well-taken and modifying the magistrate's decision regarding the division of their property. Appellant did not properly *Page 2 
support his objections to the magistrate's findings of facts, as required by Civ.R. 53(E)(3)(c). The trial court rendered its decision without reviewing a transcript of proceedings of the hearing before the magistrate.
 {¶ 3} If no transcript is provided, the trial court was required to accept the magistrate's findings of facts, and could examine only the legal conclusions based on those facts. Civ.R. 53(D); Layne v.Layne, 10th Dist. No. 03AP-1058, 2004-Ohio-3310, at ¶ 15; Sparks v.Sparks (June 8, 2001), 6th Dist. No. L-00-1250, at 5; and Ohio EdisonCo. v. Gilmore (1995), 106 Ohio App.3d 6, 10-11. The trial court erred as a matter of law when it made factual findings without reviewing a transcript of the hearing before the magistrate. Appellant's sole assignment of error is found well-taken.
 {¶ 4} Having found that the trial court did commit error prejudicial to appellant, the judgment of the Wood Court of Common Pleas is reversed. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT REVERSED.
 Beaverson v. Beaverson WD-06-080 *Page 3 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., CONCUR. *Page 1