**FLANAGAN, Appellee,**

v.

**FLANAGAN, Appellant.**

[Cite as *Flanagan v. Flanagan,* 174 Ohio App.3d 77, 2007-Ohio-6209.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 07CA009122.

Decided Nov. 26, 2007.

James A. Deery, for appellee.

M. Robert Flanagan, pro se.

WHITMORE, Presiding Judge.

{¶ 1} Defendant-appellant, Martin R. Flanagan, appeals from a judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, which modified his child-support obligation and dismissed his motion to show cause. This court affirms in part and reverses in part.

I

{¶ 2} Martin Flanagan, the father, and plaintiff-appellee, Anna T. Flanagan, the mother, were divorced on May 4, 1994. In the decree, the mother was named residential parent of the parties' two children, a daughter and a son. At that time, the father was ordered to pay child support. In 2001, the father sought modification of the custody order. By agreement of the parties and through a journal entry dated September 9, 2001, the father became the residential parent of the parties' daughter, while the mother remained the residential parent of their son. The agreed entry stated that "with respect to the minor child that each party has custody of, neither [the father] nor [the mother] shall be required or ordered to pay child support to one another."

{¶ 3} When the parties' elder child, their daughter, was emancipated in 2004, the mother sought a modification of child support through CSEA. Following its review, CSEA recommended that support be modified and that the father begin paying support to the mother. The father objected, and the matter was heard by the trial court. On October 8, 2004, the trial court sustained the father's objection and found that CSEA lacked the authority to modify child support because no support order existed.

{¶ 4} On November 12, 2004, the mother filed a motion to modify support in the trial court. On October 25, 2005, the magistrate and trial court granted the mother's motion to modify support. The father timely filed objections to the magistrate's order, thereby staying the trial court's judgment. During the

pendency of his objections, the father filed a motion to show cause, alleging that the mother was in contempt for failing to provide the father the school records of the parties' son as required by the parties' original divorce decree. On February 20, 2007, the father's objections were overruled, his support obligation was modified, and his motion to show cause was dismissed. The father timely appealed the trial court's judgment, raising numerous issues for review. The number of distinct assignments of error raised by the father's brief is unclear. Accordingly, for ease of analysis, we review those claims that it appears the father has raised.

## II

### Assignment of Error Number One

The trial court committed prejudicial and reversible error when it denied and overruled the appellant's Rule 12(C) motion for judgment on the pleadings.

### Assignment of Error Number Two

The trial court committed an error of law when it granted the appellee's motion to modify support.

{¶ 5} In his first two assignments of error, the father asserts that the trial court erred in granting the mother's motion to modify child support. Specifically, the father argues that the trial court lacked the authority to modify support. The father's contentions have merit.

{¶ 6} The parties dispute whether the prior order in this case is a "zero support order" or not a support order at all. If the order is a zero-support order, it may be modified. See *Fields v. Fields*, 9th Dist. No. 04CA0018–M, 2005-Ohio-471, 2005 WL 293609, at ¶ 11. On the other hand, if the order does not qualify as a support order, no modification may occur. See *Rieger v. Rieger*, 9th Dist. No. 02CA008035, 2002-Ohio-6991, 2002 WL 31828741.

{¶ 7} On appeal, the father asserts that res judicata barred the mother from arguing that a zero-support order existed and permitted modification. We agree.

{¶ 8} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus. In 2004, the mother sought a modification of child support through CSEA. CSEA agreed with the mother's argument and recommended that the father begin paying child support to the mother. The father objected to the

recommendation, and the matter was heard by the trial court. The trial court upheld the father's objections and stated as follows in its October 8, 2004 entry:

> The court finds that pursuant to the judgment entry filed 9–5–01 neither parent was obligated to pay support to the other. Therefore there was no support obligation. Since there was no support obligation CSEA has no authority to modify that entry.

The mother did not appeal from that order of the trial court.

{¶ 9} In her brief, the mother asserts that the October 8, 2004 entry is erroneous under *Fields*. The mother, however, had the opportunity to challenge that order on appeal and declined to do so. Consequently, res judicata bars the mother from challenging, in a later proceeding, the trial court's conclusion that no support order existed. The trial court, therefore, erred in refusing to apply res judicata and granting the mother's motion to modify support. The father's first two assignments of error have merit.

### Assignment of Error Number Three

> The trial court committed prejudicial and reversible error when it sua sponte dismissed the appellant's December 19, 2005 motion for contempt and other relief.

{¶ 10} In his final assignment of error, the father asserts that R.C. 3109.04 is unconstitutional. Specifically, the father argues that R.C. 3109.04 impairs his rights under an existing contract. We disagree.

{¶ 11} In the parties' divorce decree, the mother agreed to provide copies of the children's educational records to the father upon request. On December 9, 2005, the father filed a motion to show cause, asserting that the mother had failed to timely honor his request for records related to the parties' son. The trial court denied the motion, finding that it lacked jurisdiction over the matter because the son was emancipated on September 16, 2005. The father asserts that that conclusion violates the Constitution. We find no merit in that contention.

{¶ 12} Section 28, Article II of the Ohio Constitution provides that "[t]he general assembly shall have no power to pass * * * laws impairing the obligation of contracts." The facts presented herein do not implicate the Contract Clause. R.C. 3109.04 was enacted prior to the parties' divorce decree. Consequently, it is not a law that was passed that impaired vested contractual rights.

{¶ 13} The father's third assignment of error lacks merit.

### III

{¶ 14} The father's first and second assignments of error are sustained. The father's third assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part
and reversed in part,
and cause remanded.

CARR and DICKINSON, JJ., concur.