DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the judgment of the Toledo Municipal Court, journalized on September 21, 2007, which granted appellee, Hugh Q. Riley, judgment against appellant, Whitehurst Company ("Whitehurst"), and ordered Whitehurst to return appellant's security deposit. For the reasons that follow, we reverse the decision of the municipal court.
 {¶ 2} Riley filed suit in municipal court against Whitehurst on July 15, 2005, seeking return of a security deposit. Whitehurst failed to timely answer Riley's complaint and a default judgment was entered in Riley's favor on August 31, 2005. On October 12, 2005, Whitehurst filed a motion to vacate the default judgment, which was granted by the trial judge on December 7, 2005.
 {¶ 3} Upon holding a hearing, the magistrate recommended on January 12, 2006, that judgment be entered in favor of Whitehurst, and that Riley recover nothing. Specifically, the magistrate made the following findings of fact and conclusions of law:
 {¶ 4} "Findings of Fact:
 {¶ 5} "[Riley] alleges that [Whitehurst] did not return his security deposit. [Riley] testified that he gave the deposit to secure a certain unit and that said unit was rented out. [Riley] testified that after several months he still did not have a rental. [Riley] testified that when he asked for refund on his deposit, after several months, he was refused by [Whitehurst].
 {¶ 6} "On cross-examination, [Riley] admitted that he signed the rental application on August 18, 2004. [Riley] further admitted that he was to move in either September or October of 2004. [Riley] admitted that he did not provide to [Whitehurst] written notice of non acceptance of the rental. [Riley] admitted that he was offered other units and that he never said no to any or all of the other units. [Riley] admits to not notifying [Whitehurst] of the non acceptance of the rental for approximately six (6) or more months. [Riley] admitted that he was offered incentives by [Whitehurst] to take *Page 3 
another unit, but he refused. [Riley] admitted that he has not moved from his current rental [that] he occupied at the time of the application with defendant. * * *
 {¶ 7} "Conclusions of Law:
 {¶ 8} "When parties to an agreement, after negotiations, `make mutual promises which thereafter are integrated into an unambiguous written contract, duly signed by them, courts will give effect to the parties' expressed intentions.' Aultman Hosp. Assn. v. Community Mut. Ins.Co. (1989), 46 Ohio St.3d 51, 53, 544 N.E.2d 920. A court cannot imply a covenant into a contract `in relation to any matter that is specifically covered by the written terms of the contract.' Id. at 53-54. `Common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidence from the face or overall contents of the instrument.' Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, 374 N.E.2d 146, paragraph two of the syllabus. The lease application is specific. [Riley] breached the terms of the agreement. The damages alleged by [Riley] were not proven. [Riley] did not cancel the lease and the contract controls."
 {¶ 9} Riley filed an objection to the magistrate's decision on January 23, 2006, but did not include a transcript of the evidence submitted to the magistrate or an affidavit of such evidence. Riley argued that the undisputed testimony before the magistrate established that Riley paid a $930 security deposit for 963 Linden Lane, Toledo, but that Whitehurst rented the premises to a third party prior to Riley's expected "move-in" date. As such, Riley argued that Whitehurst breached the terms of the lease application and *Page 4 
was not entitled to keep the security deposit, except for the $35 application fee, as indicated on the application contract. In particular, Riley argued that the application was silent as to what amount of money would "hold" the apartment and that the only amount specified was a $35 application fee and an $895 monthly rental fee, in the event that Riley rented the premises. Whitehurst never responded to Riley's objection and asserts on appeal that it was not served with a copy of the objection.
 {¶ 10} The matter was continued until February 2, 2006, for the judge's approval of the magistrate's decision, but nothing was done with the case at that time. On July 13, 2006, Riley filed a motion for hearing on his objection; however, the trial court did not set a hearing date until August 15, 2007. On September 21, 2007, the judge found Riley's objection to the magistrate's decision well-taken and ordered Whitehurst to refund Riley's security deposit and pay the costs of the action. Whitehurst timely appealed the judgment of the municipal court. Riley failed to file a response on appeal.
 {¶ 11} In its brief, Whitehurst raises the following assignments of error:
 {¶ 12} "The trial court abused its discretion by granting appellee's fact-based objection to the magistrate's decision without the filing of the transcript by appellee, as required by the Ohio Rules of Civil Procedure and Toledo Municipal Court Local Rules.
 {¶ 13} "The trial court's decision to grant appellee's objection, where the appellee's objection was not served upon appellant, and the court's decision was in excess of one and one half years after the magistrate's decision and the appellant's perceived conclusion *Page 5 
of the matter, unfairly prejudiced the appellant and was contrary to the principles of the judicial system requiring finality of the decision."
 {¶ 14} Whitehurst argues in its first assignment of error that the municipal court erred by finding Riley's objection, based upon factual allegations, well-taken and thereby modifying the magistrate's decision and factual findings. We find that Riley did not properly support his objection to the magistrate's findings of facts, as required by Civ. R. 53(D)(3)(b)(iii), with "a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." The municipal court, therefore, rendered its decision without reviewing a transcript of proceedings of the hearing before the magistrate.
 {¶ 15} When no transcript is provided, the trial court is required to accept the magistrate's findings of facts, and is permitted to examine only the legal conclusions based on those facts. Beaverson v.Beaverson, 6th Dist. No. WD-06-080, 2007-Ohio-3560, ¶ 3; and Ohio EdisonCo. v. Gilmore (1995), 106 Ohio App.3d 6, 10-11. The municipal court failed to articulate any findings; however, because its judgment was in contravention of the factual findings made by the magistrate, we find that it must have made its own factual findings. Accordingly, we find that the municipal court erred as a matter of law when it made factual findings without reviewing a transcript of the hearing before the magistrate. Whitehurst's first assignment of error is found well-taken.
 {¶ 16} Having determined that the trial court erred in diverging from the magistrate's findings without undertaking an independent review of the factual issues, see *Page 6 
Civ. R. 53(D)(4)(d), we find that Whitehurst's second assignment of error is moot. Whitehurst's second assignment of error is therefore found not well-taken.
 {¶ 17} On consideration whereof, the court finds substantial justice has not been done the party complaining and the judgment of the Toledo Municipal Court is reversed. This matter is remanded to the municipal court for further proceedings in accordance with this decision and judgment. Appellee is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
 Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1