OPINION
{¶ 1} Defendant-appellant, Michael D. Sobetsky ("father"), appeals the judgment of the Clermont County Court of Common Pleas, Juvenile Division, modifying the magistrate's decision regarding child support paid to plaintiff-appellee, Victoria L. Bartlett ("mother").
 {¶ 2} On October 26, 2006, moved to modify the child support order, which was initially set in April 2006. The court held a hearing on the matter on March 6, 2007, at which both mother and father testified. *Page 2 
 {¶ 3} On March 14, 2007, the magistrate issued a decision, finding that (a) father and his current spouse have another child, (b) father presented documentation of his income and visitation expenses, incurred because he lives in South Carolina near where the child was conceived and travels to Ohio for visitation, (c) mother made $11 per hour until she lost her job and now receives $191 per week in unemployment, and (d) mother places the child in day care for three half-days per week at $69 even though she is unemployed and has only sought employment at a few businesses. The magistrate determined that based on the findings, it was appropriate to reduce support and to deviate from the statutory guidelines.
 {¶ 4} Because of the timing of mother's employment termination, the magistrate made one order for the period between October 2006 through January 2007, and another order for the period beginning February 2007. For the second period, beginning February 1, 2007, the magistrate determined the statutory amount of monthly support to be $433.90, which the magistrate reduced to $311.90 based on the deviation for father's visitation expenses.
 {¶ 5} From that decision, the Clermont County Child Support Enforcement Agency ("CSEA") filed objections on two grounds: (a) mother has another child (not father's child), who resides with her pursuant to a separate shared parenting plan, and (b) mother has expenses for child care three half-days a week at the cost of $69 per week, or $3,588 per year, for which the magistrate did not account. On June 21, 2007, the trial court entered its order, finding the objections well-taken and ordering father to pay $525.73 per month effective February 1, 2007. Father timely appeals the trial court's order, asserting two assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ERRED IN ITS ORDER BY MODIFYING THE MAGISTRATE'S DECISION BASED ON CSEA'S OBJECTIONS BECAUSE CSEA FAILED *Page 3 
TO PROVIDE THE TRIAL COURT WITH A COPY OF THE TRANSCRIPTS WHICH CONSTITUTES A WAIVER OF THESE ISSUES UNDER CIVIL RULE 53(E)."
 {¶ 8} Father argues the trial court erred in modifying the magistrate's decision because CSEA waived its objections by failing to provide the trial court with a record of the hearing. A decision to modify, affirm or reverse a magistrate's decision lies within the sound discretion of the trial court and should not be reversed on appeal absent an abuse of discretion. Foster v. Foster, 150 Ohio App.3d 298,2002-Ohio-6390, at ¶ 9, citing Booth v. Booth (1989), 44 Ohio St.3d 142,144.
 {¶ 9} Civ. R. 53(D)(3)(b)(iii) provides that an objection to a factual finding, whether or not specifically designated as a finding of fact,shall be supported by a transcript or affidavit of the evidence submitted to the magistrate. (Emphasis added.) See, also, Riley v.Whiltehurst, Lucas App. No. L-07-1355, 2008-Ohio-3573, at ¶ 14; Sain v.Estate of Haas, Franklin App. No. 06AP-902, 2007-Ohio-1705, at ¶ 23
(analyzed under a former analogous rule). Where the objecting party fails to provide a transcript, the trial court is limited to examining only the magistrate's conclusions of law and recommendations, in light of the accompanying findings of fact, unless the trial court elects to hold further hearings. Wade v. Wade (1996), 113 Ohio App.3d 414, 418;Bartell v. Rainieri, Summit App. No. 22080, 2005-Ohio-258, at ¶ 15;Riley at ¶ 15.
 {¶ 10} Although CSEA argues the trial court had a compact disc recording of the proceedings and stated in its entry that it reviewed the proceedings before the magistrate, our review of the record demonstrates that no transcript the proceedings, in any form, was filed with the court prior to the date the court entered its order. We find no indication that the trial court conducted an independent review of the magistrate's decision, as the trial court's language in its standard order is silent as to any disc recording. In addition, the trial court refers to a factual issue — that mother has one other child residing with her pursuant to a *Page 4 
separate shared parenting plan — never discussed in the magistrate's findings of fact and conclusions of law. Without a transcript, the trial court was incapable of conducting an independent review, and more importantly, the trial court was not presented with any evidence to support its own conclusions. In re Scarborough (Nov. 22, 1999), Warren App. No. CA99-05-054. Therefore, the trial court abused its discretion in sustaining the objections. Father's first assignment of error is well-taken.
 {¶ 11} Assignment of Error No. 2:
 {¶ 12} "THE TRIAL COURT'S ORDER MODIFYING CHILD SUPPORT BASED SOLELY ON CSEA'S OBJECTIONS, EVIDENCE IN THE RECORD TO SUPPORT IT, CONSTITUTES AN ABUSE OF DISCRETION, AN UNREASONABLE MISTAKE OF LAW, AND IS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE."
 {¶ 13} Father argues the trial court erred when it sustained CSEA's objection regarding mother's other child despite a previous judgment that specifically ordered no support adjustment to mother for mother's other child. Father claims the doctrine of res judicata bars the court from making such a modification.
 {¶ 14} Res judicata encompasses both estoppel by judgment and collateral estoppel. Krahn v. Kinney (1989), 43 Ohio St.3d 103, 107. "Estoppel by judgment prevents a party from litigating a cause of action after a prior court has rendered a final judgment on the merits of that cause as to that party." Id., (citation omitted). "Collateral estoppel precludes the relitigation of an issue that has been `actually and necessarily litigated and determined in a prior action.'" Id., (citation omitted).
 {¶ 15} As an appellate court, we are precluded from considering evidence not before the trial court when it made its modification.See Schneider v. Schneider (Jan. 22, 2001), Butler App. No. CA2000-05-089, (citation omitted). The record properly before us, however, demonstrates that in a decision filed May 4, 2006, the magistrate made the factual finding *Page 5 
that mother "has one other child, which is subject of a Shared Parenting Order and no support is either paid or received for that child." In the attached Child Support Computation Summary Worksheet, the magistrate entered $0.00 for mother's "Resident Child Adj." The decision was adopted by the trial court. Mother had the opportunity to challenge that order and declined to do so. Based on that order, and without any additional evidence before the trial court to support CSEA's objection, res judicata bars CSEA from raising the issue in this subsequent proceeding, as the issue has previously been litigated by the trial court in a prior action. See Flanagan v. Flanagan, 174 Ohio App.3d 77,2007-Ohio-6209, ¶ 8-9. The trial court, therefore, abused its discretion in modifying the magistrate's decision.
 {¶ 16} Father also argues the trial court improperly modified the decision to include child care expenses, as the evidence in the record supports the magistrate's decision to exclude such expenses. In cases where the objecting party fails to provide a transcript or affidavit, the trial court is limited to an examination of the magistrate's conclusions of law and recommendations, in light of the accompanying findings of fact, and has the authority to determine whether the magistrate's findings of fact are sufficient to support the conclusions of law made from those findings. Wade at 418. The trial court may come to a different legal conclusion only if that conclusion is supported by the magistrate's findings of fact. Id., quoting Hearn v. Broadwater
(1995), 105 Ohio App.3d 586, 588.
 {¶ 17} The magistrate's findings clearly state that mother lost her job at Mike Castrucci Ford and is receiving unemployment, and although she is not currently working and could "only provide the names of less than five (5) places she sought employment since losing her job," she has the child in day care three half-days per week. Based upon those findings, the magistrate determined the child support should not be adjusted for that expense.
 {¶ 18} We find the trial court abused its discretion in sustaining CSEA's objection. The magistrate's findings of fact are sufficient to support the conclusion that mother is not entitled *Page 6 
to additional support for child care expenses. Furthermore, the magistrate's findings of fact, to which the court was limited in making its determination, do not support the court's conclusion that mother is entitled to additional child care expenses. Because the trial court abused its discretion in modifying the magistrate's decision pursuant to both objections made by CSEA, we find father's second assignment of error well-taken.
 {¶ 19} Accordingly, we sustain father's assignments of error.
 {¶ 20} All objections to the magistrate's report should have been, and are hereby overruled. This cause is reversed and remanded for further proceedings consistent with this opinion.
 WALSH, P.J., and POWELL, JJ., concur. *Page 1