[Cite as *Wood v. Compton*, 2013-Ohio-5798.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Michael Wood, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 13AP-541 |
| v. | : | (C.P.C. No. 11JU-10-13298) |
| Teri Compton, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 31, 2013

*Eric J. Hoffman*; *Adam S. Eliot*, for appellant.

*Tamms Law Office, LLC*, and *Christopher J. Tamms*, for appellee.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Michael Wood ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, in which the trial court modified appellant's child support obligation. For the following reasons, we affirm.

{¶ 2} On October 12, 2011, the Franklin County Child Support Enforcement Agency ("FCCSEA") issued an administrative order of child support for the parties' minor child. Appellant filed an objection to the same. A magistrate of the court held a hearing on the objection and issued a decision on February 27, 2013. In her decision, the magistrate overruled appellant's objection in part and sustained appellant's objection in part. The magistrate ordered a modified child support order effective September 19 to December 31, 2011 in the amount of $1,608.74 per month when health insurance is

provided and $1,543.10 per month with $82.00 in cash medical support when health insurance is not provided. She further ordered a modified child support order effective January 2, 2012 and ongoing in the amount of $1,658.26 per month when health insurance is provided and $1,543.10 per month with $82.00 in cash medical support when health insurance is not provided.

{¶ 3} On March 11, 2013, appellant filed an objection to the magistrate's decision. Appellant alleged that the magistrate incorrectly determined appellant's annual gross income due to her "failure to properly offset annual ordinary business expenses from annual gross receipts, failing to credit for his yearly spousal support order, for failing to accurately determine the effective date of support, and for failing to credit for payments of child support made to date." (Objection, 1.) Appellant's counsel further stated in the objection: "Since at the time of the filing of this objection, the Clerk of Courts has not properly served counsel with a copy of the Magistrate's decision, and since counsel has not had time to order obtain [sic] a copy of the transcripts of this proceeding, counsel specifically reserves the right to amend this writing at such time that the written decision is provided and transcripts are obtained." (Objection, 1-2.)

{¶ 4} On April 3, 2013, appellant filed a motion for leave to waive production of transcripts, in which he argued that there was no need to produce the transcripts in this case as there is no factual dispute, only a legal dispute as to whether it is appropriate to include $105,592 proceeds from the sale of a business in the magistrate's calculation of gross income for 2010.

{¶ 5} On April 29, 2013, the same day as the court's hearing on the objection filed March 11, 2013, appellant filed an amended objection to the magistrate's decision. In this amended objection, appellant alleged that the magistrate incorrectly determined appellant's annual gross income due to her "failure to properly offset annual ordinary business expenses from annual gross receipts, failing to credit for his yearly spousal support order, for failing to accurately determine the effective date of support, and for failing to credit for payments of child support made to date." (Amended Objection, 1.) Appellant stated that "[his] objection is limited to two issues": the first being determination of gross income of appellant pursuant to R.C. 3119.01, the second issue relating to spousal support. (Amended Objection, 1-2.) Appellant's counsel further stated

in the amended objection that, with regard to the first issue, "the detailed decision of the Magistrate sets forth her findings of fact, which clearly enables [the trial court] to render a decision as to this legal issue without first producing the transcripts." (Amended Objection, 4.) With regard to the second issue, counsel stated: "Plaintiff contends that this is a legal issue that the Court may decide without the need to produce transcripts." (Amended Objection, 4.) Generally, counsel stated that, "[a]lthough counsel has not obtained copies of the transcripts of this proceeding, counsel has reviewed the decision of the Magistrate. A request will be made at the first scheduled objection hearing for leave to proceed without the transcripts. If that request is denied, counsel specifically reserves the right to amend this writing once the transcripts are obtained." (Amended Objection, 1.) He concluded by stating: "Furthermore, although not dispositive of this request, Plaintiff has been notified that the cost of producing the transcripts of the hearing of this matter are $3,335.00. This would place a financial hardship on the Plaintiff and prevent him from obtaining relief from what is clearly a legal and not factual issue of the Court and would also divert funds that could be more appropriately used for the support of the minor child of the parties." (Amended Objection, 3-4.) Appellant motioned the court to "grant him leave to proceed with the hearing on his objection without first producing transcripts from the trial proceedings." (Amended Objection, 4.)

{¶ 6} On May 22, 2013, the trial court filed a decision and judgment entry noting that "this matter came before this Court on April 29, 2013, pursuant to Plaintiff's Objection[ ] to the Decision of the Magistrate filed March 11, 2013." The court noted that, at the hearing, appellant appeared with his attorney, and the court received testimony under oath from appellant that the sale of his business in 2010 should not be considered income for purposes of calculating child support, as it was nonrecurring or unsustainable income or cash flow.

{¶ 7} In its decision, the trial court noted that Civ.R. 53(D)(3)(b)(iii) requires that an objection to a factual finding in a magistrate's decision, whether or not specifically designated as a finding of fact, be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or by an affidavit of that evidence if a transcript is not available. The rule further requires that the transcript be filed within 30 days after filing objections. The court noted that appellant failed to order a transcript of all the

evidence submitted to the magistrate relevant to this fact. With regard to the categorization of the sale of the business, the court stated that "[t]he expert witness may have testified as to Plaintiff's categorization of the sale of the business. Nonetheless, without a transcript this Court cannot venture to guess at the testimony provided at hearing to classify this amount. That, coupled with the magistrate's clear finding that neither Plaintiff's testimony nor his documents were credible, leads this court to support the Magistrate's Decision." (Decision and Entry, 4-5.) For this reason, the court did not find appellant's objection to the magistrate's decision to be well-taken and denied the same.

{¶ 8} Appellant filed a notice of appeal on June 19, 2013, notifying the court that he was appealing the final judgment entry of the Franklin County Court of Common Pleas "entered on 6/12/2013." A review of the record reflects that no judgment entry, or any other document, was filed in this case on June 12, 2013. The trial court's decision and judgment entry was filed on May 22, 2013. Appellant refers to the May 22, 2013 decision and judgment entry in its briefs and, therefore, for purposes of this appeal, we will consider the same.

{¶ 9} Appellant sets forth the following assignment of error:

> The trial court erred as a matter of law, abused its discretion and reached a decision against the manifest weight of the evidence in ordering Plaintiff-Appellant to pay child support calculated upon nonrecurring income from the one-time sale of a business.

{¶ 10} The transcript of the April 29, 2013 hearing on the objection to the magistrate's decision reveals a lengthy discussion between the trial court and appellant's counsel regarding the need to file a transcript. Ultimately, appellant requested that the court continue the matter for further consideration "as far as the issue of the transcripts." (Tr. 7-8.) The court, noting the request was "just for consideration?" denied the request. Appellant did not assign as error the court's denial of a continuance.

{¶ 11} "We review a decision of a trial court adopting a magistrate's decision according to an abuse of discretion standard." *Layne v. Layne*, 10th Dist. No. 03AP-1058, 2004-Ohio-3310, ¶ 8. An abuse of discretion is described as being more than an error of law or judgment; it implies the court's attitude was arbitrary, unreasonable or

unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). An appellate court should not substitute its judgment for that of the trial court when applying the abuse of discretion standard. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 732 (1995).

{¶ 12} Appellant bears the burden of showing a trial court's error in adopting a magistrate's decision by making specific reference to matters in the record. *Layne* at ¶ 9, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Any objection to a magistrate's finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact. Appellant did not provide the trial court with a transcript of the proceedings before the magistrate.

{¶ 13} Appellant concedes in his brief that, where there is no transcript, "both the trial court and appellate court are bound by the magistrate's factual findings." (Appellant's Brief, 7.) He further concedes that, without a transcript, appellate review is limited to determining whether the trial court abused its discretion in applying the law to the facts determined by the magistrate. Appellant argues, nevertheless, that the magistrate made a factual finding that appellant had $105,592 in income from the one-time sale of his insurance agency. He further argues that the magistrate erred in applying the law, R.C. 3119.01(A)(7)(e) and (A)(8)[1] in particular, to this factual finding.

{¶ 14} R.C. 3119.01(C)(7) provides as follows:

> "Gross income" means, except as excluded in division (C)(7) of this section, the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes income from salaries, wages, overtime pay, and bonuses to the extent described in division (D) of section 3119.05 of the Revised Code; commissions; royalties; tips; rents; dividends; severance pay; pensions; interest; trust income; annuities; social security benefits, including retirement, disability, and survivor benefits that are not means-tested; workers' compensation benefits; unemployment insurance benefits; disability insurance benefits; benefits that are not means-tested and that are received by and in the possession of the veteran who is the beneficiary for any service-connected disability under a program or law administered by the United States department of veterans'

---

[1] Throughout his brief, appellant cites to R.C. 3119.01(A)(7) and (8). No such subdivisions exist. However, the statutory text to which the trial court refers is found in R.C. 3119.01(C)(7) and (8). Accordingly, we will analyze R.C. 3119.01(C)(7) and (8).

affairs or veterans' administration; spousal support actually received; and all other sources of income. "Gross income" includes income of members of any branch of the United States armed services or national guard, including, amounts representing base pay, basic allowance for quarters, basic allowance for subsistence, supplemental subsistence allowance, cost of living adjustment, specialty pay, variable housing allowance, and pay for training or other types of required drills; self-generated income; and potential cash flow from any source.

"Gross income" does not include any of the following:

* * *

(e) Nonrecurring or unsustainable income or cash flow items[.]

R.C. 3119.01(C)(8) provides as follows:

"Nonrecurring or unsustainable income or cash flow item" means an income or cash flow item the parent receives *in any year or for any number of years not to exceed three years that the parent does not expect to continue to receive on a regular basis.*

(Emphasis added.)

{¶ 15} In her decision, the magistrate states that "[t]he only credible evidence presented by Plaintiff upon which the Magistrate can rely is the testimony given by Plaintiff's expert witness concerning Plaintiff's available income for 2010; an amount testified to of $165,688.00 ($105,592 + $21,764 + $38,332)." (Magistrate's Decision, 8.) She also summarized the expert's testimony stating: "However, after extensive cross examination and re-cross examination, [plaintiff's expert CPA witness] was asked if Plaintiff paid his annual spousal support order of $36,000.00 from the corrected profit amount of $38,332.00 then Plaintiff would have only $2,332.00 to live on. [Plaintiff's expert CPA witness] responded, 'No,' because he says Plaintiff's other business, 'Olentangy Data & Mail Service Co.,' earned an income of $21,764.00 and *Plaintiff had additional income of $105.592.00 from the sale of another business 'Wood & Associates Insurance Agency.'* " (Emphasis added.) (Magistrate's Decision, 4.) Appellant points to this "finding of fact" to support his contention that "[t]he detailed decision of the

Magistrate sets forth her findings of fact, which clearly enables this Court to render a decision as to this legal issue without first producing the transcripts."   (Amended Objection,  4), and that "this is a legal issue that the Court may decide without the need to produce transcripts." (Amended Objection, 4.)

{¶ 16} We disagree. While it may be logical to conclude from the magistrate's summary of the expert's testimony that appellant received $105,592 in 2010 from the sale of a business, it cannot be inferred that income from the same sale would not be received in "any number of years not to exceed three years" or "that the [appellant] does not expect to continue to receive [said income] on a regular basis."  Sales of businesses are structured in numerous different ways, and, therefore, without a transcript or other evidence showing otherwise, it would be pure speculation to conclude that appellant received no more than the $105,592 in 2010 from the sale of the business.  Therefore, we find the trial court did not err in not "ventur[ing] to guess at the testimony provided at hearing to classify this amount." Accordingly, we overrule appellant's assignment of error.

{¶ 17} For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.

*Judgment affirmed.*

O'GRADY and McCORMAC, JJ., concur.

McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

_____