[Cite as *Waibel v. Waibel*, 2014-Ohio-5534.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

RICHARD WAIBEL

    Appellant

    v.

PATRICIA WAIBEL

    Appellee

C.A. No.    27336

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2009-03-0668

DECISION AND JOURNAL ENTRY

Dated: December 17, 2014

---

CARR, Judge.

{¶1}    Appellant, Richard V. Waibel ("Father"), appeals from a judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that ordered him to pay child support for his minor child who resides in the custody of his former wife, Patricia Waibel ("Mother"). This Court affirms.

I.

{¶2}    Mother and Father were married in 1990 and had three children during their marriage. On March 3, 2009, Father filed this action for divorce. The parties ultimately entered into a separation agreement, which was incorporated into the January 2010 decree of divorce. Of relevance here, the judgment incorporated the parties' agreement that their oldest two children would reside with Father, the youngest would reside with Mother, and that neither parent would pay child support.

{¶3} By 2013, the parties' oldest children were adults but their youngest child was still a minor and continued to reside with Mother. Because Mother was unemployed and had no income, she began receiving cash assistance benefits. Consequently, the Summit County Child Support Enforcement Agency ("CSEA") attempted to seek child support from Father. Although CSEA initially filed a separate administrative action, that action was dismissed.

{¶4} On August 30, 2013, CSEA moved the trial court to order Father to pay child support, alleging that he had the financial means to support the child. Father opposed the motion, asserting that the trial court lacked jurisdiction to order him to pay child support. Following a hearing before a magistrate, Father was ordered to pay child support for the minor child. Father filed objections to the magistrate's decision. He argued, among other things, that the trial court lacked authority to order him to pay child support because the divorce decree had provided that neither parent would pay child support.

{¶5} The trial court overruled Father's objections and ordered that he pay child support for the parties' minor child. Father appeals and raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT OVERRULED [FATHER'S] OBJECTIONS TO THE MAGISTRATE'S DECISION AND AFFIRMED THE ISSUANCE OF A CHILD SUPPORT ORDER THEREBY IMPOSING UPON [FATHER] A CHILD SUPPORT OBLIGATION.

{¶6} Father's sole assignment of error is that the trial court lacked authority to order him to pay child support because the parties had agreed, through a separation agreement that was incorporated into the divorce decree, that neither party would pay child support. Father relies on two cases from this Court: *Rieger v. Rieger*, 9th Dist. Lorain No. 02CA008035, 2002-Ohio-6991,

and *Flanagan v. Flanagan*, 174 Ohio App.3d 77, 2007-Ohio-6209 (9th Dist.), neither of which supports his argument. In fact, neither case involved the post-divorce authority of the domestic relations court to impose or modify child support.

{¶7} In *Rieger*, this Court determined that the statutory authority of the Child Support Enforcement Agency, as an administrative body, was limited to enforcing and reviewing existing trial court child support orders.[1] Because the father had appealed from an order of the CSEA that established child support where no prior court order existed, this Court reversed the trial court's affirmance of that administrative judgment. In this case, although CSEA had attempted to seek child support from Father through a separate, administrative proceeding, that proceeding was dismissed and CSEA did not appeal that dismissal to the trial court.

{¶8} Instead, the matter before the trial court in this case was a post-judgment motion in the original divorce case, requesting that the trial court order Father to pay child support for his minor child. This Court's reasoning in *Rieger* about the authority of the administrative agency to set child support has no application here.

{¶9} Father's reliance on this Court's decision in *Flanagan*, 174 Ohio App.3d 77, is similarly misplaced. *Flanagan* also involved a legal argument about the authority of the CSEA, not the trial court, to establish or modify an order of child support. Moreover, this Court did not address the merits of the appellant's argument on that issue but instead held that the argument as barred by the doctrine of res judicata. *See id*. at ¶ 7-8.

{¶10} Unlike the CSEA as an administrative body, the trial court is vested with broad authority over matters involving the care, custody, and support of minor children that are subject to its divorce decrees. Although a jurisdictional dispute may arise when one or both parents

---

[1] Since *Rieger*, there have been changes to the relevant statutory scheme, but those legislative changes are not relevant to the issue before us on appeal.

move out of state, "[t]he court in which a decree of divorce is originally rendered retains continuing jurisdiction over matters relating to the custody, care, and support of the minor children of the parties." *Justis v. Justis*, 81 Ohio St. 3d 312, 314 (1998), quoting *Loetz v. Loetz*, 63 Ohio St.2d 1, 2 (1980); *see also In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, ¶ 42.

{¶11} A parent has a statutory duty to support his or her child. *See* R.C. 3103.031. Given that Mother had become unable to financially support the minor child, Father remained legally obligated to provide financial support. The Ohio Supreme Court has repeatedly recognized that "a written agreement between the parents cannot abrogate a parent's independent statutory duty to provide support for the child." *Hoelscher v. Hoelscher*, 91 Ohio St.3d 500, 502 (2001), citing *In re Dissolution of Marriage of Lazor*, 59 Ohio St.3d 201 (1991). As in this case, "[t]his duty is also owed to the general public and state," because the state had assumed the support of the child at taxpayer expense because Mother had become unable to do so. *See Day v. Bloom,* 9th Dist. Medina No. 06CA0039–M, 2006–Ohio–6957, ¶ 8. Given that the State had stepped in to support the minor child because Mother could not, it appropriately moved the trial court to order Father to pay child support. Because Father has failed to demonstrate that the trial court lacked authority to set an order of child support, his assignment of error is overruled.

III.

{¶12} Father's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

ARTHUR AXNER, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JOHN F. GALONSKI, Assistant Prosecuting Attorney, for Appellee.